Wheeler, C. J.
—The judgment of the justice, which was offered in evidence to support the sheriff’s sale, is not such a judgment as the justice could legally render in the exercise of his ordinary jurisdiction. From the terms in which it is expressed, we suppose it to have been rendered in a proceeding by motion against the defendant, as sheriff, or other officer, for failing or refusing to pay over money collected under an execution, under the provision of sec. 10 of the execution law of 1842. (O. & W. Dig., Art. 865.)
It, however, does not appear, from the record of the justice, that a case was brought before him which brought into exercise his jurisdiction over such a subject-matter, or that the defendant had the notice which the statute prescribed, or, indeed, any notice of the proceeding, or that he made his appearance before the justice.
It is a plain and undeniable principle, that, to give any binding effect to the proceedings of a court,, it must have jurisdiction of the person of the defendant and of the cause or subject-matter. The want of jurisdiction makes the judgment utterly void and unavailable for any purpose.
The word “ motion,” in the transcript of the justice, is all that appears to indicate the nature of the case that was brought before the court, except the terms of the judgment itself, which was rendered by the justice. But, unless it was such as we have supposed, the court could have no authority to render such a judgment. It must be taken, we think, that it was a proceeding against an officer, under the statute to which we have referred, if any proceeding were in fact instituted to bring into exercise the jurisdiction of the justice. It was, then, a summary proceeding, *137 and penal in its character, and is to be construed strictly. (Hamilton v. Ward, 4 Tex., 356.) In Thatcher v. Powell, 6 Wheat. R., 128, Chief Justice Marshall said: “In summary proceedings, where the court exercises an extraordinary power, under a special statute prescribing its course, we think that course ought to he exactly observed, and those facts especially which give jurisdiction ought to appear, in order to show that its proceedings are coram judice.” There are numerous authorities to the same effect. (Barry v. Patterson, 3 Humph. R., 313; Hamilton v. Burman, 3 Yerg., 355; Bates v. The Bank, 8 Por., 99; Levert v. The Same, Id., 104; Wright v. Warner, 1 Doug. Mich. R., 384.) In such a proceeding it ought certainly to appear by the record that the court acquired jurisdiction over the person of the defendant by service of the notice which the statute prescribes, or by his appearance, in order to render the judgment of any validity. It does not so appear, and we are, therefore, of opinion that the judgment is void, and the proceedings under it, consequently, invalid and ineffectual to vest title in the plaintiff. The court did not err in excluding the proposed evidence of the judgment of the. justice and the proceedings thereon; and there is no error in the judgment. It is therefore
Affirmed.