JOHN PARSONS ET AL. v. MAJOR HART.

Decided June 15, 1898.

1.  **Deed—Second Conveyance of No Effect, When.**

The title to land under a deed duly executed and delivered is not devested by the execution and delivery of a deed, without consideration, to another person after the delivery of the former deed.

2.  **Trespass to Try Title—Common Source.**

Plaintiff in trespass to try title is entitled to recover where both parties claim under a common source, and the deed under which defendants claim was subsequent to that under which plaintiff's title accrued.

**3. Same—Rents.**

Plaintiff in trespass to try title can not recover for rent of the premises prior to the trial, notwithstanding an admission by defendants of possession, where it does not appear when he went into possession.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*J. M. Taylor, Frank Creswell,* and *John A. Green, Jr.,* for appellants.

*James Raley,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was originally instituted in the District Court of Kerr County, Texas, by the appellee, Major Hart, against the appellants, John Parsons, Ed Long, and Pantha Dew, in the ordinary form of trespass to try title to recover possession of lots 5, 6, 7, and 8 in block 27 in Tivy's addition to Kerrville, Kerr County, Texas, and recover of appellant damages for the use and occupation of the premises.

The appellants (defendants below) answered by a plea of not guilty. After they had answered, on December 6, 1896, attorneys for plaintiff and defendants filed in the District Court of Kerr County an agreement to change the venue of the suit to the District Court of Bexar County; whereupon its venue was changed as per agreement. On January 15, 1897, the plaintiff filed an amended original petition making Kittie C. Meredith, a resident of Bexar County, Texas, a party defendant, and alleged that defendants claim the land in controversy under deed from S. W. Smith to Kittie C. Meredith, and the plaintiff claims under a sheriff's deed conveying said lots as the property of Mary K. Meredith to himself, and that S. W. Smith is the common source of title.

On February 4, 1897, it having been made to appear that Kittie C. Meredith is a minor, the court appointed W. W. Boone guardian ad litem to represent her in the suit. Thereupon one of the attorneys for these appellants appeared as amicus curiæ, and urged that the court had no jurisdiction of the person or property of Kittie C. Meredith, and no right therefore to appoint a guardian ad litem, inasmuch as the suit was originally brought in the District Court of Kerr County against appellants, and the venue thereafter by agreement of counsel changed to Bexar County, Texas, and Kittie C. Meredith had not up to that time become party to the suit, and moved the court to dismiss the suit as to her, which motion was sustained.

On January 7, 1898, the cause was tried before a jury, who returned a verdict against appellants in favor of plaintiff for the land in controversy, and rents at $5 per month from October 14, 1896, to the date of the verdict. Upon this verdict the judgment was rendered from which this appeal is prosecuted.

*Conclusions of Fact.*—1. On December 6, 1895, the appellee, Major Hart, recovered a judgment in the District Court of Bexar County,

Texas, against Mary K. Meredith for the sum of $1728. This judgment was upon a note executed by Mary K. Meredith on September 17, 1892, and due two years from its date.

2. On October 20, 1894, J. C. Meredith executed and delivered to his mother, Mary K. Meredith, a deed which contains the following recitations:

"Whereas Chas. E. Giddings and wife conveyed to J. C. Meredith * * * certain lots hereinafter mentioned in Three's addition to the city of San Antonio;

"And whereas a part of the consideration recited in said deed was the conveyance to the said Chas. E. Giddings and wife of 320 acres of land situated in Runnels County, State of Texas;

"And whereas said 320 acres was the property of Mary K. Meredith;

"And whereas said grantor desires to reimburse said grantee for the value of said 320 acres of land.

"Now, therefore, in consideration of the premises and the sum of $100 in currency now paid, and the assuming by the said grantee the payment of a certain note given by said grantor in favor of said Chas. E. Giddings and wife for $1400 as a part consideration for the following property, has sold and conveyed the property described as follows, to wit:

"Lots Nos. 9, 10, and 11 in block No. 6 in Three's addition to the city of San Antonio as per plat of said addition recorded in the county clerk's office of said Bexar County."

3. On the 1st day of February, 1895, Mary K. Meredith by her deed of that date conveyed to S. W. Smith and his wife, L. C. Smith, the lots described in our second conclusion. The deed recites the consideration of $3000, a promissory note for $1600 executed by the grantees to W. S. Thomas or order, and the assumption by the grantees of the $1400 note mentioned in the recital of the deed set out in our second conclusion given by J. C. Meredith to Chas. V. Giddings. On the same day S. W. Smith and wife, by their deed of that date, conveyed to Mary K. Meredith lots 5, 6, 7, and 8 in block 27, Tivy's addition to the town of Kerrville, Kerr County, Texas, which is the land in controversy. This deed recites the payment of a consideration of $3000, but the real consideration was the conveyance of the lots evidenced by the deed mentioned in this finding by Mary K. Meredith to Smith and wife. In making the exchange of the land mentioned in these conclusions, Mary K. Meredith was represented by her son, J. C. Meredith, and at the time the deed of Mary K. Meredith was delivered to Smith and wife, the deed of Smith and wife to her conveying the property in controversy was delivered to her son, J. C. Meredith, who acted as her agent in the transaction. The execution of the deed by Smith and wife to Mary K. Meredith is fully established by the testimony, which is uncontroverted. However, after this deed had been executed and delivered, and had remained for some time in the possession and custody of J. C. Meredith as the agent of his mother, Smith and wife, at the instance of J. C. Meredith, executed a deed which purports to bear date February 2, 1895, conveying to Kittie

C. Meredith, the minor daughter of Mary K. Meredith, the property in controversy. This deed expresses a consideration of $3000, but there was in fact no consideration for it except the consideration which induced the deed from Smith and wife to Mary K. Meredith, for which it was intended as a substitute. It does not appear from the testimony what became of the deed from Smith and wife to Mary K. Meredith after the grantors executed the one to Kittie C. Meredith, but S. W. Smith testified in regard to it as follows: "I do not know what was done with the first deed. I don't know whether I left it with Thomas & Meredith" [Thomas was a partner of J. C. Meredith] "or whether I took it home. If I took it home I lost it." This deed was never recorded, but the one to Kittie C. Meredith was recorded on the day it bears date.

Mary K. Meredith was insolvent on February 2, 1895, and has continued so ever since.

4. On September 3, 1896, an execution was issued to the sheriff of Bexar County on the judgment mentioned in our first conclusion of fact and returned on the same day, "no property found." An alias execution was then, on the 3d day of September, 1896, issued to the sheriff of Kerr County, Texas, upon said judgment, and the following return thereon was made by him on the 6th day of October, 1896:

"Came to hand the 7th day of September, 1896, at 9 o'clock a. m., and executed on the same day by levying upon and seizing the following described real estate, to wit: First. Lots 5, 6, 7, and 8, block 27, in Tivy's addition on the southwest side of Jefferson Street, in Kerrville, Kerr County, Texas, together with the improvements thereon erected. Second. Also lots 346 in block 60 on the north side of the S. A. & A. P. R. R. track and about one block east of the passenger depot, and being the same property deeded to Mary K. Meredith by V. S. Inskeep, July 18, 1892, and recorded in Deed Record Q 107, Kerr County; all in the town of Kerrville, Kerr County, Texas; and further executed on the 8th day of September, 1896, by advertising the sale of said property so made by me in front of the courthouse door of Kerr County, Texas, on the first Tuesday in October, 1896, within the hours prescribed by law for sheriff sales of land under execution. Said advertisement was made by posting written notices of said sale at three public places in Kerr County, Texas, one of which was posted at the courthouse door thereof for twenty days successively next before the day of sale, and the defendant being a nonresident of Kerr County, I also, in compliance with law, mailed to her at her postoffice address a true copy of said notice of sale, and no demand was made upon me by said defendant that said notice of sale should be published in a newspaper. I in accordance with said advertisement duly made offered for sale at public vendue all of said property above described for cash to the highest bidder, in front of the courthouse door of Kerr County, Texas, on the first Tuesday in October, 1896; same being the 6th day of said month, within the hours prescribed by law; and Major Hart bid the sum of $450 for the first parcel and improvements, and

the sum of $50 for the second parcel, and the same being the highest and best bid offered therefor I struck off and sold all of said property to him, the said Major Hart, which bid being fully paid and allowed as a credit on said judgment by said Hart, I executed a deed to him for all of said property and improvements in due form of law, and return this execution, October 6, 1896.

"John W. Vann,
"Sheriff Kerr County, Texas."

It was agreed by the parties upon the trial that the appellees, John Parsons, Ed Long, and Pantha Dew, are tenants of Kittie C. Meredith, and are holding under her the land in controversy. But there is no evidence in the record tending to prove that appellants were in possession at any time prior to the time the case was tried.

*Conclusions of Law.*—The property in controversy, having been conveyed by Smith and wife to Mary K. Meredith, by deed duly executed and delivered prior to the time the deed from the same grantors, purporting to convey the same property, was made to Kittie C. Meredith, the title to the property vested in Mary K. Meredith upon the delivery of said deed to her, and was not devested by the execution and delivery of the subsequent deed made by her grantors to daughter. The title being in Mary K. Meredith when the lots were levied on and sold by virtue of appellee's execution, such sale and the deed made in pursuance thereof vested title in the appellee, and renders it wholly immaterial whether the deed to Kittie C. Meredith was fraudulent or not, for whether made in good faith or in fraud of Mary K. Meredith's creditors, it conveyed no title to the grantee. It is therefore unnecesary for us to consider the assignments of error in which it is contended that the court erred in admitting evidence to show such deed was fraudulent and in submitting the issue of fraud to the jury, in the absence of averments by plaintiff of such fraud. The deed to Kittie C. being junior to the one made by the same grantors to her mother, and it being shown that appellants were in possession of the premises as tenants of the grantee in such junior deed, a common source of title is shown in appellants and appellee; and the title of the latter being prior and superior to that of appellants emanating from the same source, appellee, under the undisputed facts, was entitled to recover possession of the premises from the appellants.

The admission of possession by appellants' answer to the merits authorized only a recovery against them of the title and possession of the land, but appellee could only recover damages for the use and occupation of the premises by alleging and proving the facts authorizing such recovery. O'Connor v. Lane, 75 Texas, 594. There being no proof tending to show when appellants went into possession of the premises, or that their possession antedated the trial, the court erred in submitting as an issue to the jury the rental value of the premises, and in entering judgment against

appellants upon the verdict for such rental value from the time the suit was instituted to time of trial.

Therefore the judgment for the recovery of the land will be affirmed, and the judgment for damages will be reversed and the cause will be remanded for the trial of that issue only.

*Affirmed as to title.*
*Reversed as to damages.*

Writ of error refused.