M. L. STIPE ET AL. v. T. E. SHIRLEY ET AL.

Decided November 7, 1901.

**1.—Deed—Community Property—Conveyance of "All Interest."**

Where the only statement in the record of the contents of a deed of community property, executed by B. after the death of his wife, is a mention of the conveyance as a deed of all B.'s "right, title, claim, and interest" in the land, describing it, with names of the parties, its date and record, the appellate court is not justified in holding that such deed conveyed the deceased wife's interest in the land.

**2.—Same—Trespass to Try Title—Presumption as to Payment of Community Debts—Issue for Jury.**

The action being in trespass to try title by plaintiffs, claiming as the heirs of B.'s wife against defendant claiming under such deed from B., and the evidence showing that plaintiffs had not paid taxes on the land for more than twenty years during which defendant's title was of record, the trial court, if it should construe the deed from B., in the light of its full recitals and the attendant circumstances, as conveying the community interests of both B. and his wife, should submit to the jury the issue as to the presumption that the deed was made by B. to satisfy community debts which arises from the long acquiescence of the heirs of the wife.

Vol. 27 Civil—7.

**3.—Trespass to Try Title—Equitable Title—Stale Demand.**

Where an equitable title is asserted against another, as where both parties claim through one who held under bond for title, the plea of stale demand is not available as a defense.

**4.—Deed—Description of Land.**

A sheriff's deed of land sold under execution, describing it merely as a tract of 900 acres in C. County, Texas, "being a part of a survey made in the name of the heirs of B. C., levied on as the property of W. S. M.," was void for insufficiency in the description, as was also a deed executed by the sheriff's vendee with the same description.

Appeal from Collin. Tried below before Hon. J. E. Dillard.

*Abernathy & Beverly* and *G. R. Smith,* for appellant.

*M. H. Garnett, R. C. Merritt, J. M. Pearson,* and *John Church,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant M. L. Stipe, joined by several coplaintiffs, heirs of Susan Baker, deceased, brought this suit in the form of an action of trespass to try title to recover of appellees the title and possession of a tract of about 500 acres of land, a part of the Benjamin Clark survey, in Collin County, Texas. The court below instructed the jury to return a verdict for the defendants upon their pleas of limitation and stale demand, and upon the return of such verdict judgment was rendered for the defendants.

The plaintiff Stipe alone appeals, and the only error assigned is predicated upon the action of the trial court in instructing a verdict for the defendants.

The land in controversy was conveyed to James Baker by Washington S. McClure by bond for title executed February 25, 1852. James Baker conveyed the land to his sons, William C. and Robert P. Baker, on August 23, 1860, and this deed was recorded September 23, 1860. The appellant claims title to the land as vendee of one of the heirs of Susan Baker, deceased, who was the wife of James Baker at the time of the conveyance to him by McClure, and who died prior to the conveyance by Baker to his sons. The defendants claim through the deed from Baker, and also assert title to a portion of the land under a conveyance from one James H. Lovejoy. Susan Baker died October 21, 1858, and James Baker died December 25, 1871. The plaintiffs have never paid any taxes on the land, and never asserted any claim thereto prior to the institution of this suit. Some of the defendants had been in actual possession of portions of the land for more than twenty years before this suit was brought. We think under this evidence the existence of facts which would have authorized James Baker to convey his wife's interest in the land should be presumed, and there being no evidence to rebut this presumption, the court could have properly instructed the jury to return a verdict for the defendant. A correct result having been reached and a proper judgment rendered, it is immaterial whether

or not the reasons given by the trial court for such judgment are sound, and it is unnecessary for us to determine whether plaintiffs' claim is a stale demand or is barred by the statutes of limitation, because in no event are they entitled to recover under the facts in this case. Veramendi v. Hutchings, 48 Texas, 552; Hensel v. Kegans, 79 Texas, 349. The deed from James Baker had been of record for nearly forty years at the time this suit was brought, and plaintiffs' failure to assert their rights for so long a period, notwithstanding the fact that they must have known of the existence of such deed, raises the natural presumption that they knew that no wrong had been committed by James Baker in selling his wife's interest in said land, and that the same was sold for the purpose of paying the community debts of said James and Susan Baker. After the lapse of so long a period of time it is not to be expected that the defendants could produce direct evidence of the existence of community debts, and for this reason the law will presume the existence of such debts from the long acquiescence by the heirs of the wife in the sale by the husband. There was not a word of testimony produced by the plaintiffs showing or tending to show that the community estate of James and Susan Baker owed no debts at the date of the conveyance by James Baker of the land in controversy, nor any testimony explaining the long acquiescence of appellants' vendor in the act of James Baker in selling said land.

The facts in this case raise the presumption that the conveyance from James Baker was made for the purpose of paying the community debts of himself and his deceased wife, and there being no evidence to contradict this presumption, the plaintiffs show no right of recovery, and the trial court did not err in instructing the jury to return a verdict for the defendants. The judgment of the court below will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

In our opinion in this case delivered on the 20th day of June, 1901, we held that the undisputed facts in evidence raised the presumption that the land in controversy was conveyed by James Baker to the vendors of appellees for the purpose of paying the community debts of himself and his deceased wife through whose heirs appellant claims, and there being no evidence in the record tending to contradict this presumption, appellant showed no right to a recovery, and therefore the trial court did not err in instructing the jury to return a verdict for the appellees. After a more thorough investigation we have concluded that we are not justified in holding, upon the meager statement in the record as to the recital in the deed from James Baker, that said deed conveyed the wife's interest in said land, or was not intended as a conveyance of only the one-half interest of the said James Baker. The only statement in the record as to the contents of this deed is as follows: "Deed from James Baker to William C. and R. P. Baker, con-

veying all my right, title, claim, and interest to the locative interest, being one-fifth part of a league and labor survey in the name of Benjamin Clark, dated August 23, 1860, and acknowledged September 19, 1860, filed for record September 23, 1860."

No issue seems to have been made in the court below as to the construction of this deed, and there is no evidence in the record tending to show that it was other than what is indicated by the recital above set out, viz., a conveyance of James Baker's interest in the land. It follows that the judgment of the court below can not be affirmed upon the ground on which our former opinion is based. If, however, upon another trial of the case the court should, under the established rules of law, conclude from a consideration of the entire deed and from the evidence as to the circumstances attending the transaction, that said deed conveyed the community interest of both James Baker and his deceased wife in said land, the evidence in this case requires that the issue as to the authority of Baker, as survivor of the community, to make said deed be submitted to the jury under proper instructions as to the presumption which arises from the long acquiescence of the heirs of Mrs. Baker in the conveyance of the land by her surviving husband.

Having reached the conclusion that the record does not present a case in which no other judgment than one in favor of appellees could have been rendered, it becomes necessary for us to consider the questions raised by appellants' assignments of error.

We are of opinion that the plea of stale demand was not available as a defense to this suit. This is not a suit to enforce an equity against a legal title. Both parties claim title through the bond for title from McClure to James Baker, and appellees' title which they deraign through James Baker is in no sense superior to the title claimed by appellants through the wife of said Baker. Upon the death of Mrs. Baker her title to her community interest in said land vested in her heirs. It is true that the title derived through the bond for title was equitable, but it is well settled that such title will support an action of trespass to try title, and is as potent for this purpose as a legal title. If appellant was seeking in this suit to enforce the equitable title to the land derived through the bond for title against the holder of the McClure legal title, it might be held that he had slept upon his rights for so long a time that equity would refuse him relief, and a plea of stale demand might be a complete defense to his suit. But appellees have not connected themselves with the McClure title except through the bond for title, and their title is as purely equitable as the one asserted by appellant. Where one equitable title is asserted against another the plea of stale demand is not available as a defense, and lapse of time will not defeat the plaintiff's title unless the defendant has held such adverse possession of the premises as will entitle him to prescribe under the statute of limitation. Scarborough v. Arrant, 25 Texas, 132; Martin v. Parker, 26 Texas, 253; Wright v. Dunn, 73 Texas, 296; Lumber Co. v. Panckard, 4 Texas Civ. App., 681.

The undisputed evidence shows that the lands claimed by the appellees Mrs. Alice Bickley and J. N. Chitty, and one of the tracts claimed by J. D. Caskey, had been held by them adversely to appellants' claim for more than ten years before the institution of this suit, such adverse possession being of the character required to support their plea of limitation, and that neither the appellant Stipe nor his vendor was under disability during any of the time in which the ten years adverse possession of above named appellees was accruing. The undisputed evidence further shows that the appellee J. D. Caskey has title to the other tract claimed by him under the five years statute of limitation. Under these facts the trial court properly instructed the jury to return a verdict for said appellees, and the judgment of the court below as to them will be affirmed. As to all of the other appellees the judgment of the court below will be reversed and this cause remanded for a new trial. None of appellant Stipe's coplaintiffs have appealed, and the judgment of the court below as to them is undisturbed.

Appellees by cross-assignments complain of the action of the trial court in sustaining objections of the plaintiffs to the introduction in evidence of a judgment of the District Court of Fannin County, Texas, in case of Coleman v. Washington S. McClure et al., the execution issued upon said judgment and the sheriff's return thereon, and the deed made by the sheriff to the purchaser at said execution. The only description in this deed of the land it purports to convey is as follows: "One certain tract or parcel of land lying and being in the county of Collin and State aforesaid, containing 900 acres, the said tract being a part of a survey made in the name of the heirs of Benj. Clark, levied on as the property of Washington S. McClure." We think the trial court correctly held this deed void for insufficiency of description of the land attempted to be conveyed. Wofford v. McKinna, 23 Texas, 36; Norris v. Hunt, 51 Texas, 609.

Appellees also offered in evidence a deed from A. J. Hall, the vendee in the sheriff's deed above mentioned, to John H. Lovejoy, which contained the same description of the land attempted to be conveyed as said sheriff's deed. This deed was, upon objection by the plaintiffs, excluded by the court. We think there was no error in this ruling. The return on the execution under which the sale to Hall was made contains the same description of the land as the sheriff's deed, and was therefore void for want of sufficient description of the land levied upon and offered for sale. Hall having acquired no title by the execution sale and the sheriff's deed, could convey none to Lovejoy, and the deed by which he attempted to convey, like the deed from the sheriff to himself, is void for want of a sufficient description of the land, and was properly excluded by the court.

We think none of appellees' cross-assignments point out any material error in the rulings of the trial court, and it would serve no useful purpose to consider said assignments in detail. We think it sufficient to say that the levy and sale through which appellees seek to deraign title

being void because of the insufficiency of description of the land levied upon and sold, no rights were acquired by the purchaser at said sale, and none of the evidence offered by the appellees and excluded by the court was material or tended in any way to show title in appellees.

*Affirmed in part; reversed and remanded in part.*