## CONTINENTAL SUPPLY CO. v. MISSOURI, K. & T. RY. CO. OF TEXAS et al.*
### (No. 1454.)

(Court of Civil Appeals of Texas. El Paso. April 5, 1923. Rehearing Denied April 26, 1923.)

**1. Judicial sales ☞61—Requirements concerning sufficiency of description same in either voluntary or involuntary conveyances.**

The requirements concerning a description in a deed of a conveyance of land are the same in involuntary or voluntary conveyances.

**2. Evidence ☞450(3)—Judicial sales ☞61—Deed must identify land intended to be conveyed or furnish means of identification.**

A valid deed must on its face identify the land intended to be conveyed, or by reference furnish means by which it can be identified, and a deed purporting to convey land by judicial sale, which describes it only by quantity as being a part of a larger tract, with nothing to further identify it or aid in the description, is void for uncertainty; such want of identity of description being a patent ambiguity, which cannot be aided by extraneous information or facts.

**3. Railroads ☞192—Deed void for uncertainty properly excluded in action to try title.**

A deed from a United States marshal, purporting to convey realty of a railroad which had been seized, describing it as "120 acres out of the W. A. R. survey, Abst. No. 858, and survey No. 84, * * *" held void for uncertainty, and properly excluded in an action to try title.

**4. Railroads ☞192—Evidence held sufficient to show title to railroad property in grantees of commissioners appointed in foreclosure by court.**

A deed purporting to convey all the property of a railroad involved in financial difficulties from commissioners appointed by the court to purchasing trustees, and a deed from the purchasing trustees to another railroad company, organized to take over the property of the sold-out road, held sufficient to establish title in such grantees.

**5. Trespass to try title ☞41(1)—Evidence held to establish prior possession, entitling plaintiffs to prevail upon defendant's failure to show title.**

In an action of trespass to try title to land, evidence held sufficient to establish prior possession by plaintiffs, and entitle them to prevail, where defendant had failed to show title.

Error from District Court, Eastland County; E. A. Hill, Judge.

Action in trespass to try title by the Missouri, Kansas & Texas Railway Company of Texas and another against the Continental Supply Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Butts & Wright, of Cisco, for plaintiff in error.

Chas. C. Huff and A. H. McKnight, both of Dallas, and Scott, Brelsford, Funderburk & Ferrell, of Eastland, for defendants in error.

WALTHALL, J. Defendants in error, the Missouri, Kansas & Texas Railway Company of Texas and the Texas Central Railroad Company, railroad companies, brought this action in trespass to try title against plaintiff in error, Continental Supply Company, a corporation, to recover a parcel of land in the town of Cisco, Eastland county, Tex. The case was tried before the court without a jury and judgment was rendered in favor

of plaintiffs below, defendants in error here. The general outline of the material facts in issue is substantially as follows:

Both parties claim title under the Texas Central Railway Company, by agreement the common source of title. The company had financial difficulties, which resulted in a suit in the federal court to foreclose a mortgage on its properties, including the property involved here. In connection with that suit two sales were made, one by commissioners appointed by the court, and the other by the United States marshal. Defendants in error claim title under the commissioners' deed, and the plaintiff in error claims title under the marshal's deed. The deed from the commissioners, made January 16, 1893, conveyed to the purchasing trustees property described as:

"All and singular the main line of the Texas Central Railway Company's railway, built and to be built, beginning at the town of Ross, in McLennan county, Texas, extending through the counties of * * * Eastland, * * * together with all side tracks, turnouts, rolling stock, equipment, and material, all rights of way and tracks, depot and shop grounds, tenements, hereditaments, rights, and franchises, including and meaning to include all the property, real and personal, of the said railway company in the state of Texas, used for and pertaining to the operation of said railway."

On January 23, 1893, the purchasing trustees conveyed to Texas Central Railroad Company, one of the plaintiffs in this suit (which was organized to acquire the railroad property of the sold-out company), by a deed containing substantially the same description as above. This plaintiff, Texas Central Railroad Company, has not since conveyed the property so acquired, or any interest therein, except that in 1914 it leased all of its railroad and other property to the Missouri, Kansas & Texas Railway Company of Texas for a period of 99 years, beginning May 1, 1914.

Under an execution issued out of the foreclosure suit, June 8, 1893, the United States marshal seized, among other property, a number of lots situated in the town of Cisco which lots are described by lot and block numbers, and in addition:

"The following described property, situated in the county of Eastland and state of Texas, to wit: * * * 120 acres out of the W. A. Rhodes survey, Abst. No. 858, and survey No. 84. * * *"

This property was sold by the marshal November 18, 1893, to C. C. Gibbs and Charles Hamilton, and conveyed by a deed which described the 120-acre property as above. This deed was offered in evidence by plaintiff in error as one of the links in its chain of title, and excluded by the court on objections, because of insufficiency of description of the tract of land, nothing in the deed

from which the land can be identified, and no data therein upon which to base a location and identification thereof from extrinsic facts.

Plaintiff in error offered in evidence as a link in its chain of title a deed from Gibbs and Hamilton to McHarg and Gates, of date March 1, 1894, conveying 120 acres of land with a similar description to that above, and on a similar objection as above the deed was excluded from the evidence. The land in controversy is a part of the Rhodes survey in Eastland county, and plaintiff in error has no title, if the excluded deeds were properly excluded.

Charles Hamilton testified, and his evidence is undisputed, that he was one of the grantees in the above United States marshal's deed, as general manager of the Texas Central Railroad Company, and claimed the land in question for that railroad company, substantially, from the time of the sale in 1893, and that Texas Central Railroad Company maintained a fence around it for a number of years, and leased it for civic improvement purposes, and for use as a hotel site, and did other acts of ownership with respect to it. We find in the record no evidence that any one through whom plaintiff in error claims title ever paid taxes or exercised any right of ownership over it prior to its sale to H. J. Bradshaw, the immediate grantor of plaintiff in error, in 1918.

Defendants in error contend, first, that they acquired title to the property by purchase from the purchasing trustees in January, 1893; and, second, that if they are mistaken in this they nevertheless should recover because of their prior possession, and because plaintiff in error has not title and is a trespasser. The plaintiff in error relies for title on the excluded deeds as above stated.

The first two propositions are similar. It is insisted thereunder that the deed describing the land conveyed as being "120 acres out of the W. A. Rhodes survey, abstract No. 858, survey No. 84, situated in Eastland county, Texas," was not void because of patent ambiguity, nor insufficient description; that the description given of the land, if defective, was a latent defect, and not a patent defect, and from the description in the deed it does not appear that the land could not, by the aid of extrinsic evidence, be located and identified; and to exclude the deeds from evidence was error.

[1] We concur with plaintiff in error that the rule, as to the requirement of the description in a deed of conveyance of land, is the same in involuntary sales and in voluntary conveyances. A number of cases so hold. Wilson v. Smith, 50 Tex. 370; Giddings v. Day, 84 Tex. 608, 19 S. W. 682, and many other cases so holding.

[2] We are not prepared, however, to agree

with plaintiff in error in the application it makes of the above rule. A deed purporting to convey land, which describes it only by quantity, and as being part of a larger tract, with nothing on the face of the deed, or reference given, or in the levy, the judgment, or order of sale, to look to for further identity of the land, or aid in the description of the land conveyed, is void for uncertainty of description. Pfeiffer v. Lindsay, 66 Tex. 123, 1 S. W. 264; Tram Lumber Co. v. Hancock, 70 Tex. 312, 7 S. W. 724; Wooters v. Arledge, 54 Tex. 395; Mitchell v. Ireland, 54 Tex. 301; Ozee v. City of Henrietta, 90 Tex. 334, 38 S. W. 768; Stipe v. Shirley, 27 Tex. Civ. App. 97, 64 S. W. 1012; Kellner v. Ramdohr (Tex. Civ. App.) 207 S. W. 169; Penney v. Booth (Tex. Civ. App.) 220 S. W. 430. The deed must, on its face, either identify the land intended to be conveyed, or by some reference in the deed furnish the means by which it can be identified, and such want of identity or description is a patent ambiguity, and cannot be aided as to description by extraneous information or facts.

[3] The deed in the instant case, we think, affirmatively shows that the 120 acres are not the whole of the survey, but are "out of" a larger acreage, and furnishes no means by which the 120 acres can be ascertained as to its shape or the portion of the tract intended to be conveyed. The court was not in error in excluding the deeds.

[4] It is insisted that defendants in error neither showed title in themselves, nor were in possession of the land, at the time of the filing of the suit, and therefore were not entitled to recover. We have heretofore stated the description of the land in controversy as given in the deed from the commissioners to the purchasing trustees, and from the purchasing trustees to the Texas Central Railroad Company. These deeds antedated the deed from the United States marshal to Gibbs and Hamilton. The record shows that at the time of the above conveyances there was on file in the deed records of Eastland county a plat of the city of Cisco. The plat shows the property in question to be within the city limits, and apparently a part of what is there designated as "Railroad Reservation," delineated thereon. A dedicatory deed, accompanying the plat, was shown to be of record of date May 30, 1881, in which deed reference is made to the Railroad Reservation, stating in effect that the reservation is not included in the dedication, but may be used as a public highway so long as it remains open and uninclosed, but upon the express condition that the right of the railroad company in its use and occupation shall remain paramount, and further reserving the right of the railroad company to erect thereon certain buildings mentioned, and to fence the whole or any part of it, and to hold same to the exclusion of the public as it would any private property.

Charles Hamilton, one of the grantees in the deed from the United States marshal, and general manager of the Texas Central Railway in 1893, when the sale to the purchasing committee was made, testified, without objection, that he considered the property involved a part of the reservation, claimed and used it as such during the time he was general manager, that he leased the property to a civic improvement society, and caused a fence to be placed around it. Other witnesses testified to the above fact of the leasing and fencing of the property, and planting trees, etc., thereon, and that the property remained fenced from 1892 until about 1898. The record shows leases from Texas Central Railroad Company to parcels of land described as being parts of the reservation, from 1897, and other acts of the grantor evidence an intention, in connection with the language in the conveyance to convey the land embraced in the reservation as land conveyed to the Texas Central Railroad Company. It seems a fair construction of the commissioners' deed, in view of the fact that the Texas Central Railroad Company was organized to acquire the properties of the Texas Central Railway Company, that "all and singular the main line extending through * * * Eastland, * * * together with all side tracks, turnouts, * * * all rights of way and tracks, depot and shop grounds, tenements, hereditaments, rights, and franchises, including and meaning to include all the property, real and personal, of the said railway company in the state of Texas, used for and pertaining to the operation of said railway," and expressing no reservation or exception, would be within the purpose of the commissioners, and include the grounds contiguous to the depot of the sold-out company, and owned by the sold-out company, as shown by the plat of its grounds then of record, though not specifically described or referred to in the conveyance. The general manager and local agent of the sold-out company and the purchasing company at Cisco, contemporaneous with the sale, in turning over all of the properties to the purchasing company so understood the transaction, and took possession of the property for the purchasing company and exercised the acts of ownership over the property as above stated. The evidence, we think, is sufficient to support the judgment of the trial court.

[5] Independent of the question of title, it seems to us that the evidence shows such prior possession of the land in question in defendants in error to entitle them to prevail over plaintiff in error; the latter showing no title in itself. We need not repeat here the evidence or facts showing the acts

of ownership, actual, continuous control and management of the property, never abandoned, as evidencing the fact of possession of the land in controversy to be in defendants in error. The land seems not to have been actually inclosed since about 1899, but we think there was such prior peaceable possession as to justify the recovery on the part of defendants in error. The right to recover against one having no title, by virtue of priority of possession, has often been announced. Wilson v. Palmer, 18 Tex. 592; Alexander v. Gilliam, 39 Tex. 228; Parker v. Railway Co., 71 Tex. 132, 8 S. W. 541; Duren v. Strong, 53 Tex. 379; Watkins v. Smith, 91 Tex. 589, 45 S. W. 560; Lockett v. Glenn (Tex. Sup.) 65 S. W. 482.

If we are not in error in the above, the remaining propositions become immaterial.

Finding no reversible error, the case is affirmed.