## MASTERSON v. ADAMS.
### No. 11797.

Court of Civil Appeals of Texas. Galveston.
Oct. 10, 1946.

Rehearing Denied Nov. 7, 1946.

Edward S. Boyles, M. U. S. Kjorlaug, and Harvey T. Fleming, all of Houston, for appellants.

Levert J. Able, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 11th District Court of Harris County, sitting without a jury, divesting out of the appellant and investing in the appellee the title to and possession of 186.4 acres out of a 640 acre tract of land in the Manuel Tejerino Survey, near Tomball, in Harris County, Texas, together with an undivided ¼ of the minerals under the rest of the 640 acres.

The court upon request filed its findings of fact and conclusions of law in support of the judgment, the material substance of the findings being:

(1) That Neill T. Masterson, Sr., appellant's father, was the agreed owner of the property in suit on January 1, 1921, and was the common source of title between these two litigants; that the property was definitely located by the descriptions thereof in the evidence;

(2) That on July 28, 1925, the Texas Company recovered an $81.96 judgment against Masterson, Sr., in the justice court of Harris County, an abstract of which judgment was later duly issued and duly indexed and recorded, on August 18, 1925, in the Judgment records of Harris County, becoming, as of that date, a lien upon all the property then or thereafter owned by Masterson, Sr., including that here in suit;

Thereafter, on October 11, 1940, while such Texas Company judgment and lien were in full effect, the Harris County sheriff issued a pluries execution out of that judgment on that property, and, after giving due notice, sold the same at public auction to the highest bidder therefor, to-wit, George B.

Adams, on November 5, 1940, duly executing and delivering to him a sheriff's deed therefor, upon his having complied with the terms of his bid at that sale;

(3) On March 9, 1925, the Sheppard Laundries Company recovered a $106.75-judgment in the justice Court of Harris County against Masterson, Sr., abstracts of which were duly issued and were duly indexed and recorded in the Judgment Records of Harris County on September 8 of 1925, hence became as of that date liens on all the property then or thereafter owned by Masterson, Sr., including that involved in this suit;

Thereafter, on April 6, 1941, while such judgments and liens were in full force and effect, the constable of Harris County levied a pluries writ of execution in said cause upon the property here involved, and after due notice sold the same at public auction to the highest bidder therefor, George B. Adams, on May 6, 1941, and executed and delivered to him his constable's deed therefor, after he had complied with his bid at such sale;

(4) On the 14th day of May, 1928, J. H. Glass, executor, recovered a $691.89-judgment against Masterson, Sr., in the county court at Law No. 2 of Harris County, an abstract of which was duly issued by the clerk of that court and was, on November 15, 1928, indexed and recorded in the Judgment Records of Harris County, hence became as of that date a lien upon all property then owned or thereafter acquired by Masterson, Sr., including the property here involved;

Thereafter on December 16 of 1940, while such judgment and lien were in full force and effect, the sheriff of Harris County levied a pluries writ of execution issued out of such cause upon the property here involved, and, after due notice, sold the same at public auction to the highest bidder therefor, appellee, George B. Adams, on January 7, 1941, to whom he issued his sheriff's deed, upon his having complied with the terms of his bid at such sale;

(5) The Sour Lake State Bank recovered a judgment against Arch Martin, as principal, and Neill T. Masterson, Sr., et al, as sureties, an abstract of which was recorded on August 26, 1925, in the Judgment Records of Harris County, Texas; on the 8th day of August, 1928, a third pluries execution against such sureties only was issued on such judgment to the sheriff of Harris County, Texas, which writ was expressly directed to be returned by August 20, 1928;

Neill T. Masterson, Jr., the appellant herein bases his claim of title to the land involved in this suit on the purported execution sale held on October 2, 1928, under the last mentioned writ of execution, which sale date was accordingly approximately 40 days after the writ was so made returnable on August 20 of 1928.

(6) "The court finds that the deed given by Neill T. Masterson, Sr., to Edward S. Boyles, bearing date of May 30, 1933, was a conveyance of all the property then owned or claimed by Neill T. Masterson, Sr., including the property in controversy, at the time when Neill T. Masterson, Sr., was insolvent and indebted on all the above-mentioned judgments, and that it was made without Neill T. Masterson, Sr., receiving any actual consideration other than the legal services of an indefinite nature, and of which there was no proof of value. Further, the court finds that the deed from Boyles to Masterson, Jr., bearing date of December 5, 1934, was a 'free gift deed', and was made at the instance of N. T. Masterson, Sr. That Boyles received no consideration whatever for the conveyance.

(7) "The defendants, Neill T. Masterson, Sr., and Linz Brothers, although duly served with citation, were not present or represented by counsel at the trial, both having previously filed disclaimers. Neill T. Masterson, Jr., disclaimed as to the undivided one-fourth of the minerals under the rest of the survey, and limited his contest to the 186.4 acres, more or less."

The court's conclusions of law were, in material substance, these:

"(1) The Court concludes that each of the sales at which George B. Adams was the purchaser operated to foreclose the judgment liens as of the dates the abstracts were respectively recorded, as well as the execution liens as of the dates of the respective executions were levied, and operated to divest out of N. T. Masterson, Sr., N. T. Masterson, Jr., and those under whom the

latter claims, into George B. Adams, all the right, title and interest which Neill T. Masterson, Sr., common source and owner of the property, had of, in or to the said property on the respective dates of the recording of said abstracts of judgment and levying of said writs of execution.

"(2) Irrespective of the irregularities in connection with the judgment of the Sour Lake State Bank, the recording thereof and the writs thereon, the Court concludes the execution sale was void and ineffectual in any event, because the sale was held long after the return date of the writ of execution under which the purported sale was held, and no authority existed in the Sheriff for holding this sale on October 2, 1928.

"(3) The Court concludes that George B. Adams is the owner of and has the superior title to the real property described in his petition and should recover title and possession from all the defendants, and their claims against said property should be cancelled and removed as a cloud."

Appellant presents some eight points of error for reversal, challenging the trial court's findings and conclusions, and further contending, in substance, that the appellee here, when he introduced in the trial court the admission of this appellant's claim of title, inadvertently exhibited a title in the appellant that was prior to that relied on by the appellee himself; further, that the description of the land covered in the three execution sales relied upon by the appellee and found by the court to have passed the title to this land down into him, were not sufficient to pass the title to the property herein sued for.

■ After careful examination of the record, this court is unable to see eye-to-eye with the appellant in these presentments, concluding rather that the given findings of both fact and law by the trial court reflect not only a fair statement of the facts developed upon the trial, but also correct conclusions of law upon such features thereof as were so detailed by the court; wherefore, those findings and conclusions are here adopted as those of this court also.

■ It is true that the described execution sales in 1940, as claimed under by the appellee, were subsequent to the deed dated October 2, 1928, in turn relied upon by the appellant; but, as the trial court's findings recite, these sales by law related back to the foreclosed abstract of judgment liens that had been fixed in 1925, which liens were therefore fixed as being prior and superior to the appellant's deed of 1928.

■ Moreover, the record shows that when the appellee came to introduce the appellant's admission of what the latter's claim of title to the land was, he only showed what the appellant claimed; hence, he did not exhibit or declare upon any title in himself emanating from that admission at all—he was only, in other words, seeking to exhibit the fact that the appellant was claiming under his father, who was also the source of appellee's own claim; that is, the appellee never claimed in his admission that the abstract of judgment in favor of the Sour Lake State Bank had been indexed, nor any other fact upon which could be predicated a claim that it related back to a date prior to October 2, 1928.

In other words, both by the admission filed by the appellant and by the abstract of title, he showed he claimed through Neill T. Masterson, Sr., as the common source. By well settled authority, Masterson, Sr., was thereby shown to have been the common source of title between the parties, as the trial court found. 41 Tex.Jur., Sec. 42, page 509, and Sec. 44, page 513; Stegall v. Huff, 54 Tex. 193.

■ As affects the abstracts of judgment claimed under by the appellee herein, it was stipulated between the parties on this trial that they were properly indexed and recorded in the Judgment Records of Harris County, as recited supra. It is therefore indisputable that the first two abstracts of judgment, as relied upon by the appellee, were indexed and recorded prior to the date of the execution sale on the Sour Lake State Bank judgment on October 2, 1928, upon which the appellant alone relies. Under the law, the title therefore vested in appellee's favor. Stegall v. Huff, 54 Tex. 193; Baker v. West, 120 Tex. 113, 36 S.W.2d 695; Fikes v. Buckholts State Bank, Tex.Civ. App., 273 S.W. 957; Nye v. Moody, 70 Tex. 434, 8 S.W. 606; Starkey v. McNay, Tex. Civ.App., 103 S.W.2d 1051; Tanner v. Gris-

ham, Tex.Com.App., 295 S.W. 590; Askey v. Power, Tex.Com.App., 36 S.W.2d 446; Chamlee v. Chamlee, Tex.Civ.App., 113 S.W.2d 290; Barton v. Parks, Tex.Civ. App., 127 S.W.2d 376, writ of error refused; Parsons v. Hart, 19 Tex.Civ.App. 300, 46 S.W. 856, writ of error refused; 41 Tex.Jur., Sec. 42, page 509; 41 Tex.Jur., Sec. 44, page 513; 41 Tex.Jur., Sec. 58, page 533.

 Neither has this court experienced any difficulty in holding the descriptions in the deeds, under which the appellee claimed, not subject to the criticisms appellant makes against them; upon the contrary, they clearly furnish within themselves data from which the lands can be located and reduced to possession. That description was, substantially, "all the property in the Manuel Tejerino Survey, described in Volume N, page 546, of the Deed Records of Harris County, Texas, except that conveyed in five deeds, giving the volume and pages where these five deeds were recorded, and giving the grantors and grantees in such deeds, (which deeds described five tracts of land by metes and bounds, and each excepted one-fourth of the minerals), which—it was alleged—left 186 acres in the Survey not contained in the description of the five deeds, and one-fourth of the minerals reserved in the five deeds." Goldman v. Douglas, 81 Tex. 648, 17 S.W. 235; Antone v. Stiles, Tex.Civ.App., 177 S.W.2d 246; Brown v. Elmendorf, Tex.Civ.App., 25 S.W. 145, aff by Sup. Ct., 87 Tex. 26 S.W. 1043; Dittman v. Cornelius, Tex.Com.App., 234 S.W. 880; Edwards v. Smith, 71 Tex. 156, 9 S.W. 77; Falls Land & Cattle Co. v. Chisholm, 71 Tex. 523, 9 S.W. 479; Federal Land Bank v. Brooks, 135 Tex. 370, 143 S.W.2d 928; Fulks v. Smith, Tex.Civ.App., 25 S.W.2d 221, writ of error refused; Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490; Smith v. Crosby, 86 Tex. 15, 23 S.W. 10, 40 Am.St.Rep. 818; Steinbech v. Stone, 53 Tex. 382; Stipe v. Shirley, 27 Tex.Civ.App. 97, 64 S.W. 1012, writ of error refused.

 Finally, as the trial court's conclusion of law No. 2 determines, the execution sale under the Sour Lake State Bank judgment, upon which alone appellant's title was based, in any event, was void, because it was held long after the return date specified in the writ of execution out of which it issued, hence that writ had become functus officio. In the facts stated, the authorities sustain that holding also. Nye v. Moody, 70 Tex. 434, 8 S.W. 606; Askey v. Power, Tex.Com.App., 36 S.W.2d 446; Barton v. Parks, Tex.Civ.App., 127 S.W.2d 376; Chamlee v. Chamlee, Tex.Civ.App., 113 S.W.2d 290; Tanner v. Grisham, Tex.Com. App., 295 S.W. 590.

Further discussion is foreborne, since, under the conclusions stated, the judgment must be affirmed; it will be so ordered.

Affirmed.