S. E. NORRIS v. THOMAS M. HUNT.

1. TRESPASS TO TRY TITLE—DEED—EVIDENCE—DESCRIPTION.—B,. in attempting to deraign title to land, offered a levy by the United States marshal, which was indorsed on the execution describing land levied on as "six hundred and forty acres, L. Dickerson league." The return of levy was as follows: "Levied upon and sold lands in

Burleson county, * * * six hundred and forty acres at 13 cents."
The deed by the marshal purported to convey all the interest of
"J. M. Norris in six hundred and forty acres of land situated in the
said county of Burleson, and being a part of the league of land orig-
inally granted to L. Dickerson : " *Held*—

    1. That the ambiguity in the description of the land is patent,
and of such a character as to render it void for uncertainty.

    2. The reasons for the rule which requires that when land is
granted it must be identified by the description contained in the
grant itself, or by other writing referred to, apply with equal force
to a deed.

    3. A latent ambiguity in a deed in the description of land may
be aided by parol testimony.

    4. Parol testimony is not admissible to aid a patent ambiguity
in the description of land contained in a deed.

2. DISTINGUISHED.—This case distinguished from Flanagan v. Boggess,
46 Tex., 330.

APPEAL from Burleson. Tried below before the Hon.
Spencer Ford.

Suit brought in trespass to try title by S. E. Norris against
Thomas M. Hunt, R. G. Broadus, T. D. Sullivan, and others,
to recover two tracts of land, which were fully described in
the petition.

The defendants answered by a general exception, a general
denial, a plea of not guilty, the special plea of three years'
limitation, a suggestion of valuable improvements made in
good faith, and a suggestion that plaintiff's claim is a cloud
upon their title.

On the 13th of March, 1878, the case was submitted to the
court upon the law and facts, and judgment was rendered
for the defendants, from which Norris appealed.

In addition to the facts stated in the opinion, and to make
intelligible the propositions enunciated by appellee's coun-
sel, it should be stated that nearly ten years elapsed after the
marshal's deed without, so far as the record discloses, any
objection being urged by Norris or his wife to the sale made
by the marshal or his deed, and that in his will Norris made
no reference to the land described in the petition.

*Davis & Beall* and *Sayles & Bassett*, for appellant Norris, in support of their objections to the deed offered in evidence from Blocker to Carlton, cited Wofford v. McKinna, 23 Tex., 36; Kilpatrick v. Sisneros, 23 Tex., 113; Hurt v. Moore, 19 Tex., 269; Pressley v. Testard, 29 Tex., 199; Hearne v. Erhard, 33 Tex., 60; Kingston v. Pickins, 46 Tex., 99; Flanagan v. Boggess, 46 Tex., 330; Ballard v. Anderson, 18 Tex., 377; Ragsdale v. Robinson, 48 Tex., 380; Coffee v. Silvan, 15 Tex., 354; Herm. on Ex., secs. 259, 294; Freem. on Ex., secs. 281, 330, and authorities cited; Ronkendorff v. Taylor, 4 Pet., 349; Throckmorton v. Moon, 10 Ohio, 43; Jackson v. Rosevelt, 13 Johns., 96; Jackson v. Delancy, 13 Johns., 537; Mesick v. Sunderland, 6 Cal., 297, referring to Neel v. Hughes, 10 Gill. & Johns., 7.

The court erred in permitting the defendants to introduce the testimony of A. W. McIver, H. C. A. King, and J. M. Wyett for the purpose of identifying the land intended to be conveyed, and of aiding the description thereof as contained in Johnson v. Granger, *infra*, p. 42; Wofford v. McKinna, 23 Tex., 36; 1 Greenl. Ev., secs. 297, 300, and authorities cited above.)

[Sayles & Bassett filed a separate written argument, in which all the authorities are ably and carefully reviewed. Its length precludes insertion.]

*J. D. Thomas* and *McIver & Homan*, for appellees.

I. After acquiescence in the marshal's sale for eight years and nine months by appellant and by her husband, under whom she claims, the court could not, upon mere inspection, reject the marshal's deed read in evidence for insufficiency in its description of the land conveyed. (Wilson v. Smith, 50 Tex., 365; Flanagan v. Boggess, 46 Tex., 331; Howard v. North, 5 Tex., 312; Laub v. Buckmiller, 17 N. Y., 627.)

II. From all that appears in the record, this court must presume that it was sufficiently shown on the trial of this

case that appellant and her husband, under whom she claims, had waived any insufficiency in the description of the land conveyed by the marshal's deed.

In addition to evidence of acquiescence in the marshal's sale, it was admitted on the trial that both parties claimed the land under J. M. Norris, and that neither need trace title farther back, and that appellees were in possession of the land in suit, claiming the same as their own.

The statement of facts also contained this clause: "There was evidence of improvements made by defendants, but, under the ruling of the court, it is not deemed necessary to insert such evidence, and it is omitted from this statement of facts." (Lee *v.* Kingsbury, 13 Tex., 72, 73; Wilson *v.* Smith, 50 Tex., 365; Miller *v.* Alexander, 13 Tex., 506; Alexander *v.* Miller, 18 Tex., 896; Freem. on Ex., 307; Rorer on Jud. Sales, 895, 897.)

III. It was competent to prove by the witnesses McIver, Wyett, and King, that they were familiar with the land in suit, and that the designation given it in the marshal's deed and papers therein is correct. (Flanagan *v.* Boggess, 46 Tex., 331; Camley *v.* Stanfield, 10 Tex., 550, 552; Freem. on Ex., secs. 281, 330; 1 Greenl. Ev., 286–290, 300; Dygert *v.* Pletts, 25 Wend., 402.)

BONNER, ASSOCIATE JUSTICE. — The decisive question in this case is presented by the first and second assignments of error.

The first assignment of error is, that "the court erred in refusing to exclude as evidence the deed from A. P. Blocker, U. S. marshal, to Fred Carlton, on the ground that the land purporting to be conveyed in said deed is not described by any certain matter of description or identity, and that said deed is void for uncertainty in the description of said land."

The defendant claimed title to the property under a sale made by Blocker, U. S. marshal, on an execution against J.

M. Norris and the deed executed by Blocker to Carlton. The levy indorsed on the execution describes the land as "six hundred and forty acres, L. Dickerson league, Burleson county." A levy was also made on two three hundred and twenty acre tracts in Burleson county, out of different leagues. The return reads as follows: "Levied upon and sold lands in Burleson county; three hundred and twenty acres at 30 cents, $96; three hundred and twenty acres at 46 cents, $147.20; six hundred and forty acres at 13 cents, $83."

The defendants, as a part of their title, offered in evidence a deed from the U. S. marshal to Fred Carlton, under whom they claimed, which, among other things, purported to convey all the interest of J. M. Norris in "six hundred and forty acres of land situated in the said county of Burleson, and being part of the league of land originally granted to L. Dickerson."

Plaintiff objected to the admission of the deed in evidence, on the ground that the same was void for uncertainty in the description of the land purporting to be thereby conveyed, but the court overruled the objection and admitted the deed in evidence; to which ruling the plaintiff excepted, and also assigned the error as one of the grounds for a new trial.

The second assignment of error is, that "the court erred in permitting the defendants to introduce the testimony of A. W. McIver, H. C. A. King, and J. M. Wyett for the purpose of identifying the land intended to be conveyed, and of aiding the description thereof as contained in said deed from Blocker to Carlton, on the ground that said testimony was not competent for that purpose; that said deed upon its face contains no description sufficiently certain to convey any land; that the ambiguity in said deed is a patent ambiguity and cannot be aided by extrinsic evidence, and that said testimony was irrelevant to the issues."

The substance of the deed from Blocker to Carlton is given in the statement under the first assignment of error. In order to identify the land claimed by defendants under the

marshal's deed, they offered the witnesses named, who, in sub-stance, stated that it was generally known that Norris owned a prairie tract of four hundred acres and a timber tract of two hundred and forty-four acres about one mile distant from each other, parts of the Lemuel Dickerson headright league in Burleson county. An inquiry as to Norris' six hundred and forty acres in the Dickerson league would have been understood by the witnesses as referring to these two tracts. Plaintiff's objection to the admission of the evidence on the grounds mentioned in the second assignment of error was overruled; to which plaintiff excepted, and also made this error one of the grounds for the motion for new trial.

The statute of frauds requires that a conveyance of lands, to be valid, must be in writing. (Paschal's Dig., art. 3875.)

It is said by Chief Justice Marshall, in Chinoweth *v.* Has-kell, 3 Peters, 96, that "It is an obvious principle that a grant must describe the land to be conveyed, and that the subject granted must be identified by the description given of it in the instrument itself."

Both for the reasons for which the statute of frauds was enacted and upon the authority of adjudged cases, this rule should apply as well to other instruments for the conveyance of lands, as to grants technically so known.

The true rule, as deduced from the authorities, seems to be that this description should be so definite and certain upon the face of the instrument itself, or by other writing referred to, that the land can be identified with reasonable certainty.

To hold otherwise would defeat the wise intention and object of the statute, by permitting to rest in parol extrin-sic testimony, that which should have been embraced in the written instrument. (Johnson *v.* Granger, *supra,* and author-ities there cited.)

This written description which is required by the statute has been by the courts so far relaxed, that in cases of a latent ambiguity not apparent on the face of the deed, parol extrinsic

testimony is admissible to explain it, and thus identify the land. (Kingston v. Pickins, 46 Tex., 101.)

In the quaint language of Lord Bacon: "But if it be *ambiguitas latens*, then otherwise it is; as if I grant my manor of S to J F and his heirs, here appeareth no ambiguity at all; but if the truth be that I have the manors both of South S and North S, this ambiguity is matter of fact, and therefore it shall be holpen by averment whether of them it was that the party intended should pass." (Bac. Law Tracts, 99, 100; 1 Greenl. Ev., sec. 297.)

It is believed that no well-considered case has gone to the extent to hold a conveyance of land valid, unless it is described with such reasonable certainty as that it can be identified by the usual tests of locality and identity when applied to the terms of the deed itself, or unless the description, in the language of Lord Bacon, "is that which seemeth certain and without ambiguity for anything that appeareth upon the deed or instrument, but there is some collateral matter out of the deed that breedeth the ambiguity."

But the rule is different where the defect in the description is patent upon the face of the instrument, and is such that it does not convey any described land. To hold such instrument valid, would, in effect, cause "that to pass without deed which the law appointeth shall not pass but by deed." (Bac. Law Tracts, 99, 100; 1 Greenl. Ev., sec. 297; Ronkendorff v. Taylor, 4 Pet., 349; Throckmorton v. Moon, 10 Ohio, 43; Wofford v. McKinna, 23 Tex., 36; Kingston v. Pickins, 46 Tex., 99; Jackson v. Rosevelt, 13 Johns., 96; Jackson v. Delancy, 13 Johns., 537; Mesick v. Sunderland, 6 Cal., 297; Freem. on Ex., secs. 281, 330, and authorities cited; Johnson v. Granger, *supra.*) Some of these authorities also sustain the proposition, that there is greater reason to require that the description of land levied upon and sold by an officer under process of law should be reasonably certain, than in cases of sales between private parties. In the former, it is generally an *ex-parte* proceeding *in invitum*, and would often result in

great hardship and sacrifice to the debtor, if the land to be sold was not described with sufficient certainty to advise bidders of its locality and identity; but in the latter, the parties are presumed to have full knowledge of what was intended to be sold and purchased, although the subsequent deed between them might not fully describe the land.

We are of opinion that the ambiguity in the description of the land in the deed under consideration is patent, and of such character as to render it void for uncertainty. It purports to convey all the interest of J. M. Norris in "six hundred and forty acres of land situated in the said county of Burleson, and being part of the league of land originally granted to L. Dickerson."

In the case of Flanagan v. Boggess, 46 Tex., 330, the deed contained this description: " Six hundred and twenty acres of the headright of David Brown, situate about twelve miles north of Henderson, in the neighborhood of Bellview."

The deed in that case was sustained, and the opinion of the court was based upon this construction: that it did not purport to convey an undefined part of a larger tract of land, as in the case of Wofford v. McKinna, 23 Tex., 36; that the six hundred and twenty acres might have been all of the said Brown headright located in that survey, the remainder being elsewhere; or that if we look to the evidence, where we find a patent calling for six hundred and forty acres, we also find that the land was given in as six hundred and twenty acres, and it may be that the latter was the correct number.

Both, then, by the construction given by the court to the terms of the deed itself and by the evidence, it did not convey an uncertain part of a larger tract of land, but the entire tract.

In support of that decision, we may add that a discrepancy of twenty acres in a six hundred and forty acre survey, under the practice of surveyors in Texas, was not so great as to raise the presumption that all the land was not embraced in the deed.

The deed now before us is different from the one in the case of Flanagan *v.* Boggess.

Upon its face it purports to convey six hundred and forty acres, "being part of the league granted to L. Dickerson."

Should we indulge in presumption, it is perhaps more reasonable to suppose that the whole league was located in one place, as being more in accordance with the general policy of the land system of Texas, than in two or more surveys, and hence that the deed purported to convey an undefined part of a larger survey.

The evidence, however, shows that, in fact, this league was located in one place in the county of Burleson, and that John M. Norris, the defendant in execution, did not own six hundred and forty acres of the same in one survey, but that he owned two separate tracts, one of four hundred acres and one of two hundred and forty-four acres.

The view we have taken of the two above errors assigned renders it unnecessary to pass upon any other questions presented by the record.

The judgment below is reversed and the cause remanded.

REVERSED AND REMANDED.