### P. PFEIFFER & CO. V. J. M. LINDSAY.

#### (Case No. 5615)

1. EXECUTION SALE—DESCRIPTION OF LAND SOLD—PATENT AMBIGUITY—The proceedings by virtue of which an execution sale of lands takes place must show with certainty where and what the land is. If they fail to do so, the case is one of patent ambiguity, and the description worthless and void. See opinion for description held insufficient. (Norris v. Hunt, 51 Tex., 609, and other authorities cited.)

2. SAME—LATENT AMBIGUITY—If the terms used in the proceedings to describe the property are sufficient to identify it, but are understood only by persons famil-

iar with the property or with the section of country in which it is situated, parol evidence is admissible to inform the court as to the meaning of the terms used. (Freeman on Ex., sec. 281.)

3. SAME—SHERIFF'S SALE—ADDITIONAL DESCRIPTION—The sheriff can convey by his deed only such property as was sold under the execution, and he cannot cure defects in the description of the land by accurately describing it in his deed

APPEAL from Montague. Tried below before the Hon. F E. Piner.

The land in question was fifty acres of a survey containing about a third of a league. On November 22, 1884, P. Pfeiffer & Co. sued Mc-Natt & March (a firm composed of L. C. McNatt and J. B. March), and on the same day levied an attachment upon "fifty acres of the J. M. Moss survey." In March, 1885, a joint and several judgment was obtained against McNatt & March. The attached property was sold by the sheriff and bought by appellants. Appellee claimed title through a deed to the land made by L. C. McNatt, on November 20, 1884, and filed for record November 24, 1884. The cause was tried by the court and judgment rendered in favor of appellee.

*Stephens, Matlock & Herbert*, for appellants, cited: Jackson v. Walker, 4 Wend., 462; Freeman on Ex., sec. 281.

*Davis & Garnett*, for appellee, cited: Norris v. Hunt, 51 Tex., 612; Wofford v. McKenna, 23 Tex., 45; Meuly v. Zigler, 23 Tex., 91; Freeman, on Ex., sec. 281.

WILLIE, CHIEF JUSTICE.—The sheriff's return to the writ of attachment shows a levy upon "fifty acres of the J. M. Moss survey, abstract No. 462 near the town of Burlington," in Montague county. The judgment foreclosing the attachment lien describes the land as "fifty acres of the J. M. Moss survey, abstract No. 462, situated near the town of Burlington, in Montague county, Texas." The order of sale issued upon the judgment describes the land in almost the exact language used in the judgment, and with no greater particularity. The sheriff's deed to the purchaser, at execution sale describes the land as "fifty acres of land out of the J. M. Moss survey, situated in Montague county, Texas, abstract No. 462, situated near the town of Spanish Fort, Montague county. Texas, and described as beginning, etc."

The description of the land contained in the levy, judgment and order of sale is obviously imperfect and insufficient. No one, from reading it, could tell what was the shape of the fifty acres, nor in what part of the Moss survey it was situated. It is of the utmost importance that land to be sold at execution sale should be so definitely described

as to inform the public what particular tract will be offered to pur-
chasers, and each bidder what land he will get if his should be the best
offer at the sale.    Otherwise, bidding would be discouraged instead of
promoted, and the rights of defendant sacrificed.    To find out what
land is to be sold, purchasers look to the proceedings by virtue of
which the sale is to take place, which are, in the present case, the
levy, the judgment and the order of sale.

If, from these, an intended purchaser would be left in hopeless uncer-
tainty as to where and what the land is, he will be deterred from buy-
ing, at least, for anything like a reasonable price.    The case would be
one of patent ambiguity, and the description worthless and void.    The
case of a description so imperfect as to designate no tract of land what-
ever, is different from one where the terms used are sufficient to
identify the property, but they are not such as are understood by
any one, though understood by persons familiar with the property
or with the portion of the country in which it is situated.    In the
latter case, parol evidence is admissible to inform the court as to the
meaning of the terms used; in the former, which is the present case,
it is not.    See Freeman on Ex., sec. 281, for illustration.

A description similar in every material respect to the present was
held by this court, in the case of Norris v. Hunt, 51 Tex., 609, to
present a case of patent ambiguity, such as to render it void for un-
certainty.    And such is the holding in other states.    Brigance v.
Erwin, 1 Swan, 375; Deloach v. State Bank, 27 Ala., 437; Waters v.
Duvall, 6 G. & J., 76.

In the case of Norris v. Hunt, the imperfect description contained
in the levy was caried into the deed.    Here, it is contended that though
the description is imperfect in the levy, judgment and order of sale, it
is definite in the deed made by the sheriff to the purchaser.    But the
sheriff could convey no other property except such as he had sold at
execution sale, and he could sell no other except such as he had been
ordered to sell.    If the order of court directed the sheriff to sell an
undefined fifty acres of land out of a larger tract, and he did so, he
cannot afterwards take upon himself to say the purchaser must have
fifty acres of a particular shape, and in a particular portion of the
tract.    Here, the return upon the order of sale states that the sheriff
levied upon, advertised and sold by virtue of it, fifty acres of land
according to the indefinite description given under it in the order
itself.    This, then, was all he had a right to convey, and his deed can-
not be construed to pass title to any defined part of the Moss survey.

We have seen that a definite description of the land is required in
order to inform the public as to the exact tract to be sold, and to

secure a fair price for it to the defendant in execution. These ends would be defeated, if, after the sheriff had sold the property for perhaps an inadequate price, because bidders were not assured by the previous proceeedings as to what property was offered for sale, he could cure the defects by an act of his done subsequent to the sale. The present case affords a fair example of the damage done a defendant in execution from such a cause. The identical land conveyed in the sheriff's deed, (less three-fourths of an acre) for the consideration of $50.00, was sold to the appellee at private sale two days before the levy of the attachment upon it for $1,500.

We think the proceedings show that the appellants claimed under a void execution sale, and there was no error in the judgment which was rendered against them in the court below, and that judgment is affirmed.

AFFIRMED.

[Opinion delivered April 26, 1886.]