GEORGE W. SHRECK ET AL. V. LYDIA SPAIN.

[FILED DECEMBER 22, 1890.]

Chattel Mortgages : DESCRIPTION: NOTICE: PRIORITY. In an action by a senior mortgagee against a junior mortgagee for the conversion of two mares which it is alleged were described in the senior mortgage as one dark brown mare, age five years, weight about 1,200 pounds, of the value of $175, and one dark brown mare, right hind foot white, age five years, weight about 1,200 pounds, of the value of $175, and in the junior mortgage as one dark brown mare five years old called "Dolly," and one light brown mare four years old called "Pet," *held*, that the testimony showed that the mares were properly described in the senior mortgage and that such mortgage was duly filed for record; it was notice therefore to the junior mortgagee, of the existence of the lien of the senior mortgagee, and that the senior mortgagee had the superior right.

ERROR to the district court for York county. Tried below before NORVAL, J.

*France & Harlan*, for plaintiffs in error, cited, contending that the description was insufficient: *Rowley v. Bartholemew*, 37 Ia., 374; *Smith v. McLean*, 24 Id., 322; *Adams v. Com. Nat'l Bk.*, 53 Id., 491; *Montgomery v. Wright*, 8 Mich., 147; *Ivins v. Hines*, 45 Id., 73; *Savings Bank v. Sargent*, 20 Kan., 576; Jones, Chattel Mtges., sec. 63; *Rhutasel v. Stephens*, 27'N. W. Rep., 786; *Ormsby v. Nolan,* 28 Id., 569; *Hayes v. Wilcox*, 61 Ia., 732, cases cited.

*Sedgwick & Power*, in reply to the contention, cited: *Peters v. Parsons*, 18 Neb., 193; *Price v. McComas*, 21 Id., 197; Jones, Chattel Mtges. secs. 54, 61, 65; *Pettis v. Kellogg*, 7 Cush. [Mass.], 456; *King v. Aultman & Co.*, 24 Kan., 246; *Eddy v. Caldwell*, 7 Minn., 225.

MAXWELL, J.

This action was brought in the district court of York county by the defendant in error against the plaintiff in error to recover the value of a span of mares, and on the trial the jury found in favor of the defendant in error and assessed the amount of her recovery at the sum of $310, and a motion for a new trial having been overruled judgment was entered on the verdict. The testimony tends to show that on the 9th day of May, 1887, one John Price executed a chattel mortgage to one John Milton Oliver on the following described property : "One dark brown mare named 'Browny,' age five years, weight about 1,200 pounds, sound, and worth $175; one dark brown mare (right hind foot white), named 'Flora,' age five years, weight about 1,200 pounds, sound, and worth $175; also one white mare named 'Maggie,' age seven years, weight about 1,050 pounds, sound, and worth $125; one black horse named 'Bill,' age eight years, weight about 1,150 pounds, sound, and worth $125; one red cow, four years

old, with spotted heifer calf at side; one white cow, three years old, with spotted steer calf at side."

This mortgage was duly filed for record on May 9 of that year. On the 3d day of June, 1887, John Price executed a chattel mortgage to the Utica bank of Seward county for a large amount of personal property, which included the following: "One team of mares; one light brown mare four years old, called 'Pet,' one dark brown mare, six years old, called 'Dolly,' steers and heifers on section 27, town 11, range 1 west; all of said property owned by me; mares on section 8, town 11, range 1 west, in Waco precinct, and York county, Neb., and free from incumbrance."

The mares were taken by the bank under the second mortgage and converted to its own use. The contest is thus between two mortgagees, and the question presented is, first, whether the description of the mares in the first mortgage was sufficient to identify them so that the filing of the mortgage would be constructive notice to subsequent mortgagees or purchasers in good faith; and, second, whether the mares described in the second mortgage, viz., one dark brown mare, five years old, called "Dolly," and one light brown mare, four years old, called "Pet," are the same animals which Price had previously mortgaged to Oliver. On both of these points there seems to be no doubt, and we fail to perceive any ground upon which the plaintiff in error would be entitled to recover.

A large number of errors are assigned in the record which it is unnecessary to review at length. There is no error in the record and the judgment is

AFFIRMED.

COBB, CH. J., concurs.

NORVAL, J., having tried the case in the court below, did not sit.