PITLUK & MEYER v. BUTLER et al.

(Court of Civil Appeals of Texas. Texarkana. April 24, 1913.)

1. CHATTEL MORTGAGES (§ 278*) — FORECLOSURE—SUFFICIENCY OF EVIDENCE.

In an action to foreclose a chattel mortgage on a mule colt, evidence *held* to show conclusively that the colt purchased by defendants from the mortgagor was the same one described in the mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 567; Dec. Dig. § 278.*]

2. CHATTEL MORTGAGES (§ 49*)—DESCRIPTION OF PROPERTY—SUFFICIENCY.

A description in a recorded chattel mortgage of the mortgaged property as "one black mare mule colt eight months old" was sufficient, where it sufficiently indicated the situs of the property by reciting that the mortgagor was the owner, had possession, and resided at a stated place, and where the mortgagor, at the time of the mortgage and of a sale of the colt by him, had no other mule colt, and hence the purchaser of the colt was charged with notice of the mortgage and took subject thereto.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 90–92; Dec. Dig. § 49.*]

3. CHATTEL MORTGAGES (§ 47*)—DESCRIPTION OF PROPERTY—SUFFICIENCY.

As against third persons, a chattel mortgage must point out the subject-matter, so that a third person may identify the property by the aid of such inquiries as the instrument itself suggests.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 87, 88, 96–103; Dec. Dig. § 47.*]

Appeal from Smith County Court; Jas. F. Odom, Judge.

Action by Pitluk & Meyer against Powell Butler and others. From a judgment for plaintiffs granting insufficient relief, they appeal. Reformed and affirmed.

The suit was against appellee Powell Butler on a note executed by him to appellants, and against all three appellees, to foreclose a chattel mortgage lien on personalty given by Butler to secure payment of the note. The judgment of the court was against the maker of the note for the debt and with a foreclosure of the chattel mortgage lien on all the property claimed in the suit under the mortgage except a mule colt, for which a foreclosure was denied to appellants. The chattel mortgage given by Butler to appellants was dated December 10, 1910, and properly registered in the office of the county clerk. The chattel mortgage described the property, as material here, as "also * * * one black mare mule colt eight months old." The mortgage contained the recitation that all the property described in the instrument was the property of the mortgagor, and that no other person had any claim or interest in it, and, further, referring to the crop of cotton and corn mortgaged, "said crops planted and to be planted, cultivated and raised during the year 1911 on the ·farm belonging to Tom Goodson, situated in Anderson county, Texas, about five miles east from Frankston."

[1] It was proven that the mortgagor resided on the farm belonging to Tom Goodson about five miles east from Frankston, in Anderson county, and had lived there for several years, and during the year 1911, and owned a mare mule colt of black color, bred from a bay mare about eight years old owned by him. The colt was in his possession at the place of his residence, and kept there, and was the only mule colt owned by him or on the place. The mule colt had a small white spot on the top of the head, and the owner had made a split in one of its ears. In the fall of 1911 appellee Lydie purchased from Butler the mare mule colt. In this purchase appellee Alexander appears to have a claim or interest. The mare mule colt purchased by Lydie is described as being about 18 months old, with one ear split, a white spot on the top of the head, and of a dark bay or brown color. Several witnesses saw the colt at Lydie's after the purchase, and positively identified it as the same mule colt of Butler's covered by the mortgage. It was also shown that at the time of the purchase by Lydie the mortgagor was riding the bay mare proven to be the mother of the colt, and that the colt was following the mare. The evidence conclusively establishes, we conclude, that the mule colt purchased by Lydie and Alexander was the property of Butler, and was the same mule colt mortgaged and intended to be mortgaged by Butler to appellants. The slit in the ear, the white spot on the head, the sex and the age, and the other circumstances, go to positively show the same animal. The slight difference in color of black or dark bay or brown would not prevail over the other very positive means of identity, as the color of the colt in that respect could change or vary in the 10 months' growth, which is usual.

Fitzgerald, Butler & Bulloch, of Tyler, for appellants. Hanson & Butler, of Tyler, for appellees.

LEVY, J. (after stating the facts as above). [2, 3] It is the contention of appellants that they were also entitled, under the evidence, to have a foreclosure of their chattel mortgage lien on the mule colt against all the parties, and that it was error to have denied it. The identity of the property purchased being conclusively shown, the question remaining between the parties was whether Lydie and Alexander took the property subject to the chattel mortgage, or whether the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

lien was void against them on the ground that the property was not sufficiently described; and the question becomes one purely of law in this particular case, for the reason that it depends upon the legal effect to be given to the facts presented. The chattel mortgage describes the property as "one black mare mule colt eight months old," and states facts of the definite ownership and sufficiently of the situs of the property. And in connection with the instrument the fact was conclusively proven that the mortgagor did not own or have in his possession, at the time of the mortgage or the purchase, any other mule colt than the one covered by the mortgage. It is the quite familiar rule that as against third persons the mortgage must point out the subject-matter, so that the third person may identify the property covered by the aid of such inquiries as the instrument itself suggests. That is required because notice flowing from matters of record cannot be more extensive than the facts stated or referred to. And by limiting the inquiry that would have been required of a third person to the particular description given in the mortgage here, identity of the particular mule colt in suit was fixed and certain. There is the situs of the mule colt covered by the mortgage sufficiently indicated by the recital that the mortgagor is the owner, has possession, and that he resides at a stated place. And the giving of the age, sex, and color is a description reasonably particular, and there is only a possibility of describing with greater detail. And there is the fact of nonexistence of other property of the kind held or owned by the mortgagor to which the terms of the mortgage could apply. All of these are elements that should be considered in determining the sufficiency of the description of the mule colt covered by the chattel mortgage to affect with notice. We, therefore, conclude that Lydie and Alexander should be held to have purchased the mule colt subject to the mortgage. Johnson v. Brown, 65 S. W. 485; Boykin v. Rosenfield, 69 Tex. 117, 9 S. W. 318; Ames Iron Works v. Chinn, 15 Tex. Civ. App. 88, 38 S. W. 247; Garrett v. Josey, 44 Tex. Civ. App. 1, 97 S. W. 139; Scaling v. Bank, 39 Tex. Civ. App. 154, 87 S. W. 716; Lightle v. Castleman, 52 Ark. 278, 12 S. W. 564; Shreck v. Spain, 30 Neb. 887, 47 N. W. 419.

It follows that the judgment in this case should be reformed so as to allow a foreclosure of the chattel mortgage lien on the mule colt in favor of appellants against all the appellees, and it is accordingly done; and as so reformed the judgment is affirmed.

The costs of appeal will be taxed against appellees Lydie and Alexander. And all the costs of the court below, so far as it affects the proceeding in foreclosure, will be taxed severally against the appellees as incurred by them and as well by appellants, and otherwise against appellee Butler.