## MALONEY v. GREENWOOD et al.
### (No. 1638.)

(Court of Civil Appeals of Texas. Texarkana. May 4, 1916.)

1. SUBROGATION ☞7(7) — PRINCIPAL AND SURETY.

Plaintiff, the surety on a note made by defendant to a third party and secured by the defendant's mortgage on certain mules, one of them described in the mortgage as a "bay horse mule, 15 hands high, five years old," which was the only one left after the defendant had sold the others and applied the proceeds to the debt, on payment of the balance of the debt was subrogated to such rights as the creditor would have had against the defendant and the purchasers of such mules from him, if the debt had remained unpaid.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 26, 77, 92; Dec. Dig. ☞7(7).]

2. CHATTEL MORTGAGES ☞150(1)—DESCRIPTION OF ANIMAL—NOTICE.

The registration of a chattel mortgage, in which a mule was described only as a "bay horse mule, 15 hands high, five years old," without stating its situs, was not sufficient to charge third persons with notice of the mortgagee's rights.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 246-248, 252; Dec. Dig. ☞150(1).]

3. CHATTEL MORTGAGES ☞150(1)—DESCRIPTION OF ANIMAL—NOTICE.

A chattel mortgage of several mules, one of which was described as a "black horse mule, 15 hands high, three years old," which was in fact not black, but of a dark brown or dark blue color, did not put purchasers from the mortgagor upon inquiry to ascertain, when they dealt with it, whether it was the identical black mule described in the mortgage or not.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 246-248, 252; Dec. Dig. ☞150(1).]

4. CHATTEL MORTGAGES ☞157(2)—PURCHASE FROM MORTGAGOR—BURDEN OF PROOF—STATUTE.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 5655, relating to record of liens, the burden was on the purchasers from a mortgagor of mules to show that their dealing with the mortgaged property was in good faith.

[Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. ☞157(2).]

Appeal from Ellis County Court; W. M. Tidwell, Judge.

Action by J. M. Maloney against W. L. Greenwood and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded for a new trial.

Appellant was surety on a note for $625 made by appellee Greenwood to E. C. Cantrell. Payment of the note was further secured by a mortgage from Greenwood to Cantrell on certain mules, among them one described in said mortgage as a "bay horse mule, 15 hands high, 5 years old, owned by Greenwood." All the mules except the one just described were sold by Greenwood; and the proceeds of the sale, having been turned over to Cantrell, were by him credited as a payment on the note, leaving due thereon a balance of $203.95, which appellant was compelled to pay. Cantrell, at the time appel-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lant paid his balance, assigned the note to him "without recourse." Besides the $203.95 so paid by appellant for Greenwood, the latter owed the former sums aggregating, with the $203.95, $400. To secure the payment of the $400, and to indemnify appellant against liability he had incurred as surety for Greenwood on debts the latter owed to various other parties, Greenwood mortgaged certain personal property to appellant, including several mules, described in said mortgage as situated on his (Greenwood's) premises five miles east of Italy, and "known as the Malone mules," and one of them further described as a "black horse mule, 15½ hands high, 3 years old." This suit was by appellant against Greenwood and the other appellees, T. F. Crayton and Charles Gammell. Appellant sought as against Greenwood judgment for the sum the latter owed him and a foreclosure of the mortgage, and as against Crayton, who, he alleged, had purchased the mules at a sale thereof by virtue of an execution against Greenwood in his (Crayton's) favor, and as against Gammell, who, he alleged, had purchased the animals of Crayton, he sought a foreclosure of the mortgage, or in the alternative, if the mules were dead or could not be found, judgment for their value, alleged to be $185 and $175, respectively. It appears from the record that the mortgage to Cantrell was dated October 28, 1912, and filed for registration October 29, 1912; that the one to appellant was dated April 12, 1913, and filed for record May 23, 1913; and that the levy on the mules by virtue of the execution in Crayton's favor was made January 6, 1914. In accordance with a verdict returned by the jury in obedience to peremptory instructions given them by the court, judgment was rendered that appellant recover of Greenwood $911.11, and that he take nothing as against Crayton and Gammell.

W. H. Fears, of Waxahachie, for appellant. J. T. Spencer, J. C. Lumpkins, and J. T. Gill, all of Waxahachie, for appellees.

WILLSON, C. J. (after stating the facts as above). The grounds upon which the trial court instructed the jury to find in favor of Crayton and Gammell are stated in qualifications made by him to bills of exception in the record. He was of opinion that appellant, by paying, as he was bound to, the $203.95 due on the note to Cantrell, did not become subrogated to the latter's right to enforce the mortgage on the bay mule as against Crayton and Gammell, because they "had purchased the animal sought to be foreclosed for value or were lienholders," and that appellant was not entitled to enforce the mortgage made to him against the other mule levied upon, because it appeared from testimony heard that same was not a black mule, 3 years old, 15½ hands high, as described in the mortgage, but was a blue horse mule, 3 or 4 years old, 15 hands high.

[1] The law being that "a surety who has paid the debt of the principal is at once subrogated to all the rights, remedies, securities, liens and equities of the creditor, for the purpose of obtaining reimbursement from the principal debtor" (37 Cyc. 402; Cleveland v. Carr, 40 S. W. 410; Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528; Beville v. Boyd, 16 Tex. Civ. App. 491, 41 S. W. 670, 42 S. W. 318), it is clear that, unless he had waived it, and it was not pretended in the pleading of Crayton and Gammell that he had, appellant was subrogated to such rights as Cantrell, under the circumstances shown, would have had against appellees had the debt to him remained unpaid. That, as to the bay mule, Cantrell would have been entitled to a foreclosure of the mortgage, is plain; and he would have been entitled to the relief appellant sought against Crayton, unless the latter was without notice of the mortgage at the time his execution against Greenwood was levied on the mule and to the relief appellant sought against Gammell, unless Crayton was without such notice, or he, Gammell, when he purchased the mule of Crayton, paid a valuable consideration for same and was without such notice.

It seems, therefore, that the correctness of the charge complained of, so far as it required the jury to find in favor of Crayton and Gammell as to the bay mule, depends upon whether they occupied the positions suggested, in their dealings with that animal. And the correctness of the charge as to the other depends upon the answers which should be made as to like inquiries with reference to their dealings with it, to wit, as to Crayton, was he chargeable with notice of the mortgage to appellant at the time the execution was levied on this mule? and as to Gammell, if Crayton at that time had notice of the mortgage, did he, Gammell, also have notice thereof when he purchased of Crayton, and did he pay Crayton a valuable consideration for the animal?

[2, 3] We are of opinion it appears as a matter of law that neither Crayton nor Gammell was chargeable with notice because of the fact that the mortgages were duly registered before the time they dealt with the mules. The bay mule was not otherwise described in the mortgage to Cantrell than as set out in the statement above. The situs of the animal was not stated in the mortgage. The authorities are to the effect that the registration of a mortgage in which an animal is described only by its color, age and height, is not sufficient to charge third persons with notice of the mortgagee's rights. 6 Cyc. 1129–1131; Bank v. Bank, 166 S. W. 499. The other animal levied upon was described in the mortgage to appellant as a *black* mule. It seems to be conceded in the evidence that the color of that mule was not black, but was "smutty," "dark brown," or "dark blue." There was nothing in the mortgage suggesting that the color of the mule might not be

black, as same was described therein to be, and therefore it should not be said that Crayton and Gammell were put on inquiry to ascertain, when they dealt ,with the "blue," "smutty," or "brown" mule, whether it was identical with the black mule described in the mortgage or not. Pitluk v. Butler, 156 S. W. 1136.

[4] But it did not follow, because the registration of the mortgages did not operate to charge Crayton and Gammell with notice of appellant's rights, that they were without notice thereof. They might have acquired such notice in other ways. The burden was on them to show that they did not, and that their dealings with the mortgaged property were in good faith. Article 5655, Vernon's Statutes; Oak Cliff College v. Armstrong, 50 S. W. 610. Neither of them testified as a witness, and neither offered testimony showing he acted in good faith in his dealing ,with the mules. Therefore it is thought the peremptory instruction to the jury to find in their favor was unauthorized.

The judgment is reversed, and the cause is remanded for a new trial.