### CONTINENTAL SUPPLY CO. v. MISSOURI, K. & T. RY. CO. OF TEXAS et al.* (No. 467–4006.)

(Commission of Appeals of Texas, Section B. Feb. 9, 1925.)

**1. Execution ☞312—Sheriff's deed not describing land included in larger tract void.**

Sheriff's deed conveying part of larger tract, or levy or proceedings, to which court may look, must contain general description of included as well as inclosing tract, to permit oral proof of its location, and deed containing no description, designation, or reference to included part, except that it is out of larger tract, is void.

**2. Evidence ☞460(7) — Railroads ☞192 — Commissioners' deed of railway property held sufficient to render admissible oral evidence of extrinsic facts in aid of description.**

Commissioners' deed, describing property conveyed on foreclosure of mortgages as main line of named railway, beginning in named town in specified county and extending through stated counties to point on north boundary of state, held sufficient to render admissible oral evidence of extrinsic facts in aid thereof, and vest title in grantees.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by the Missouri, Kansas & Texas Railway Company of Texas and another against the Continental Supply Company. Judgment for plaintiffs affirmed (250 S. W. 1095), and defendant brings error. Judgment affirmed.

Butts & Wright, of Cisco, for plaintiff in error.

Chas. C. Huff and A. H. McKnight, both of Dallas, and Scott, Brelsford, Funderburk & Ferrell, of Eastland, for defendants in error.

HAMILTON, J. Defendants in error, the Missouri, Kansas & Texas Railway Company of Texas and the Texas Central Railroad Company, hereinafter called plaintiffs, brought this suit in trespass to try title against plaintiff in error, hereinafter called defendant, all parties being corporations, to recover a tract of land in the city of Cisco, Eastland county, Tex., more particularly described as follows:

Beginning at a point on the projected north line of west Fourth street, in said city of Cisco, according to the official map or plat of said city on record in the records of deeds of said Eastland county, Tex., from whence the point of intersection of said north line of west Fourth street with the projected east line or side of avenue D of said city is westerly 160 feet; thence at right angles to said north line, and side, of said west Fourth street, 115 feet; thence at right

---

angles to said easterly side, in an easterly direction, 20 feet; thence at right angles in a southerly direction, parallel with said easterly side, 116 feet to the north side line of said west Fourth street; thence in a westerly direction along the north side of said west Fourth street, 20 feet to the point of beginning.

It was agreed by the parties that the Texas Central Railroad Company was the common source of title. Deeds of both parties resulted from sales under a judgment of the United States Circuit Court at Waco.

Defendant's chain of title comes through a deed of a United States marshal, made as a result of a sale under an execution issued out of that court by virtue of the aforesaid judgment. Defendant claimed the above-described tract of land as a part of a larger tract. The only description of the land in the marshal's deed under which the defendant claims was as follows: "120 acres out of the W. A. Rhoades survey, abstract No. 858, and survey No. 84, situated in Eastland county, Texas." The record shows without contradiction that the W. A. Rhoades survey in which this 120 acres is situated contained 160 acres. The lots in controversy are in that survey. When defendant offered this deed in evidence as a link in its chain of title, the plaintiffs objected on the grounds "that the deed as to the tract of land above mentioned is void because of the insufficiency of the description of said tract of land; there being nothing in the deed from which the land can be identified, and no data therein on which to base a location and identification thereof from extrinsic facts." The court sustained the objection, and on October 18, 1921, rendered judgment in favor of plaintiffs. On April 4, 1922, defendant filed in the office of the district clerk its bond, application, etc., praying for the issuance of a writ of error to the Court of Civil Appeals at Fort Worth. The case was transferred to the Court of Civil Appeals at El Paso, which affirmed the judgment of the trial court. 250 S. W. 1095.

The judgment above referred to decreed:

"That the railroad property and premises as described in the mortgages to the Farmers' Loan & Trust Company shall be sold as one parcel and as an entirety. And Charles Dillingham and John Winters are appointed special master commissioners for the purpose of making the sale ordered by the decree and to execute and deliver a deed of conveyance of the property to be sold to the purchaser or purchasers thereof."

The judgment then further decrees that:

"If the proceeds of the sale of the property above directed should be so made shall not be sufficient to satisfy the judgment herein adjudged in favor of the Farmers' Loan & Trust Company, trustee, and in favor of Morgan's Louisiana & Texas Railroad & Steamship Company, the said complainant, Morgan's Louisiana & Texas Railroad & Steamship Company, and the said cross-complainant, the Farmers' Loan and Trust Company, are hereby declared to have personal judgment and decree against the Texas Central Railroad Company for the balance due and remaining due to them respectively, and over and above the proceeds of the sale and have execution in due form of law for the balance due them respectively, and leave is hereby given to the said complainant and cross-complainant to levy and issue execution upon the property of the defendant now in the hands of the receiver, if any, not subject to the mortgages above mentioned, and sell the same in due form of law, and apply the proceeds of same to the satisfaction of said balance due them respectively."

The purpose in setting out the above portion of the judgment is to show that there was no foreclosure of a lien upon the Rhoades survey by designation and description.

The execution under which the marshal made the sale and executed the deed commanded him:

"That of the goods, and chattels, lands, tenements and estates of said Texas Central Railway Company, you cause to be made the judgment, interest and cost aforesaid."

No description of the land appears in the execution. The marshal's return on the execution was:

"Executed * * * by seizing and levying upon the following described real estate * * * situate in the town of Cisco, Eastland county, Texas, to wit: [here follows designation of certain lots by number and block]. Also the following described property situate in the county of Eastland and state of Texas, to wit: * * * 120 acres out of the W. A. Rhoades survey, abstract No. 858, and survey No. 84."

[1] It has been held often by our Supreme Court that a deed by a sheriff conveying, as the result of a sale by him, an undesignated part of a larger tract of land, there being no means of distinguishing the part sold from the residue, is void. Never has that court, as far as we can find, held a sheriff's deed, containing no other description than that of an undesignated part of a larger tract, to be good. Some of the cases that have held such a deed void on account of such lack of description are Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53; Norris v. Hunt, 51 Tex. 609; Wooters v. Arledge, 54 Tex. 395; Pfeiffer v. Lindsay, 66 Tex. 123, 1 S. W. 264. The action of the court in holding the deeds in the above cases void was expressly approved in Smith v. Crosby, 86 Tex. 15, 23 S. W. 10, 40 Am. St. Rep. 818. In that case Chief Justice Stayton, in discussing these identical cases, said:

"In these and like cases no description of the land was given to which with safety might extrinsic evidence be applied for the purpose of locating it upon the ground.

"In that class of cases extrinsic evidence could not be received, simply because there is no general yet accurate designation of the land given in the levy and deed by which extrinsic evidence must be controlled. In such cases, to admit extrinsic evidence to show the unexpressed intention of the officer would be to make that operative as a conveyance instead of the deed."

Where the land is a part of the larger tract, the deed conveying the included tract or the judgment, the levy, or the probate proceedings offered in evidence, and to which the court may legally look, must contain a general description of the land embraced in the larger tract, in addition to the description of the inclosing tract—a starting point, a datum, referring to the included tract from which it may be traced by extrinsic facts to its location and be found. The general description may be only the name of the owner, a designated person's interest in the larger tract, or some such fact. But there must be a nucleus of description of the inclosed tract, around which extrinsic facts may be gathered from oral evidence such as locate the land. There must be something in the description to which oral evidence may be tied. Without such datum to begin with, proof of extrinsic facts is inadmissible. In the absence of such general though inaccurate description of the inclosed tract, to permit oral proof of location would be to pass the title to land by parol in violation of the statute. There is no sort of description, designation, or reference to the 120 acres claimed under the deed in this case, except that it is "out of" the larger tract. The return on the execution does not purport to show that the marshal seized or levied on 120 acres *owned* by the Houston & Texas Central Railway Company in the Rhoades survey, or any interest of the railway company at all in the Rhoades survey. The deed does not say that the land or any interest in it is owned by the railway company. There is nothing in the description of the 120 acres on which to base proof of extrinsic facts in an effort to locate the land.

This distinction is recognized in all the cases, including the case of McCardell v. Lea, 111 Tex. 380, 235 S. W. 518. In that case, Judge Greenwood said:

"These proceedings disclose, not an order for the sale of an undefined portion of a larger tract of land, but an order for the sale of the land not previously disposed of and still belonging to the estate of James Davis in the J. D. Martinez league six and nine, in Liberty county, west of the Trinity river, estimated at 2,739 acres."

The marshal's deed which is a link in the Continental Supply Company's chain of title was void because of the uncertainty of the description of the land.

Plaintiffs' chain of title passed out of the Texas Central Railroad Company through a deed executed by the commissioners appointed by the court in the cause in which the judgment was rendered.

[2] Defendant's second assignment of error is that:

"The Court of Civil Appeals erred in holding that the decree of foreclosure rendered by the United States Circuit Court foreclosing the mortgages on the railway of the Texas Central Railway Company, and the deed of conveyance from the commissioners appointed by the court to sell the railway to Charles Moran, Cornelus Gould, and Henry McHarg, purchasing trustees, vested in them the title to the land in controversy."

The date of the deed from the commissioners is January 16, 1895. The description of the property in the deed was as follows:

"All and singular, the main line of the Texas Central Railway Company's railway built or to be built, beginning in the town of Ross in McLennan county, Texas, extending through the counties of McLennan, Hill, * * * and Sherman to a point on the north boundary line of the state of Texas, * * * together with all side tracks, turnouts, rolling stock, equipment, and material, all rights of way and tracks, depot and shop grounds, tenements, hereditaments, rights and franchises, including and meaning to include all the property, real and personal, of the said railway company in the state of Texas, used for and pertaining to the operation of said railway company."

The deed was sufficient to render admissible oral evidence of extrinsic facts in aid thereof. The findings of fact made by the Court of Civil Appeals are such as to render the deed valid as a conveyance of title to the purchasing trustees and to vest title in them to the land in controversy. We have read the statement of facts, and the findings of the Court of Civil Appeals referred to are supported by the evidence.

We therefore recommend that the judgments of the trial court and of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.