## HASLET STATE BANK v. CARPER.
### (No. 7356.)
(Court of Civil Appeals of Texas. San Antonio.
May 6, 1925.)

1. **Chattel mortgages** ⬥⇒49(1)—**Mortgage held void for uncertainty of description of horses pledged.**

Description of property in mortgage as one gray filly coming three years old, one gray filly coming four years old, and one brown mare coming six years old, without stating location, person in possession, or mortgagor's residence was insufficient and wholly inadequate to identify the animals, and mortgage, no matter where registered, was void for uncertainty, and gave no notice to any one.

2. **Chattel mortgages** ⬥⇒89—**Mortgagee, having slept on rights for three years, cannot claim them over subsequent mortgagee.**

In view of Rev. St. art. 5660, where chattel mortgagee's agent knew that mortgagor had removed mortgaged horses from county, but made no effort to place mortgage in registry of county of removal, or to take possession, after sleeping on rights for three years mortgagee cannot claim rights over subsequent mortgagee.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by A. C. Carper against the Haslet State Bank and others. Judgment for plaintiff, and defendant named appeals. Judgment affirmed as against defendant E. R. Bogan, and reversed as to defendant bank.

W. L. Coley and E. S. Allen, both of Fort Worth, for appellant.

Phillips, Brown & Morris, of Fort Worth, for appellee.

FLY, C. J. This is a suit to recover on a promissory note for $280, and to foreclose a chattel mortgage, instituted by appellee against E. R. Bogan, the Haslet State Bank, and H. A. Richie. It was alleged that Bogan executed the note and mortgage, and afterwards removed the property to Tarrant county where one T. L. Bogan gave a chattel mortgage on the property to the Haslet State Bank, which foreclosed its mortgage and had the property sold and bought it. The bank sold the property to H. A. Richie. The suit against Richie was dismissed by agreement, and upon the verdict of a jury judgment was rendered in favor of appellee as against E. R. Bogan for $426.25, and against the Haslet Bank for $300, to be applied as a credit on the judgment against E. R. Bogan.

On February 5, 1920, E. R. Bogan executed a promissory note to appellee for $280, and contemporaneously executed a chattel mortgage to secure the note, on property described as "one gray filly coming 3 years old; one gray filly coming 4 years old; one brown mare coming 6 years old." It is not indicated where the property was situated. The mortgage, a verbose document, was filed for registration in Johnson county on the day it was executed. The note, was due on November 1, 1920. In March, 1920, E. R. Bogan moved from Johnson to Tarrant county, and carried the property with him without the knowledge or consent of appellee. On May 21, 1920, a chattel mortgage was given by T. L. Bogan, the father of E. R. Bogan, to the Haslet State Bank, in Tarrant county, on property described as "One gray mare, Maude, 15 hands high, 11 years old; one gray mare, Nellie, 14½ hands high, 10 years old; one black mare, Pet, 15½ hands, 9 years old; one dark brown mare, May, 16 hands, 6 years old; one blue gray mare, Bess, 15½ hands, 4 years old; one blue gray mare, Bell, 15½ hands, 3 years old." Other property was described in the mortgage with which this suit is not concerned. E. R. Bogan swore that three of the animals named in his mortgage to appellee were also named in his father's mortgage. E. R. Bogan swore that his father was never in possession of the animals, and owned no interest in them. However, the proof showed that E. R. Bogan lived in the same house with his father when the mortgage was given to the bank, and was working on his father's rented land. The father owned three head of mares, and all the stock was together on his farm. Appellee's mortgage was never registered in Tarrant county. Appellee knew, through his agent, Drennan, that the property had been removed to Tarrant county, but no effort was made to register the mortgage or foreclose it for at least three years.

[1] The description of the three mares given by E. R. Bogan in his mortgage to appellee was not sufficient, but wholly inadequate, to indentify the animals. The mortgage, no matter where registered, was void for uncertainty, and gave no notice to any one. The place in which the animals were situated was not given, nor in whose possession they were at the time, not even the residence of the mortgagor being given. Bank v. Bank (Tex. Civ. App.) 166 S. W. 499; Maloney v. Greenwood (Tex. Civ. App.) 186 S. W. 228; Burlington State Bank v. Bank (Tex. Civ. App.) 207 S. W. 954. As said in the Maloney-Greenwood Case:

"We are of opinion it appears as a matter of law that neither Crayton nor Gammell was chargeable with notice because of the fact that the mortgages were duly registered before the time they dealt with the mules. The bay mule was not otherwise described in the mortgage to Cantrell than as set out in the statement above. The situs of the animal was not stated in the mortgage. The authorities are to the effect that the registration of a mortgage in which an animal is described only by its color, age and height, is not sufficient to charge third persons with notice of the mortgagee's rights."

It follows that the bank took a mortgage on the animals from T. L. Bogan without no-

tice of any lien on them, even though the mortgage had been registered in Tarrant county, which it had not been.

[2] Appellee's agent, Drennan, knew that E. R. Bogan had carried the animals from Johnson to Tarrant county, but made no effort to place the mortgage in the registry of Tarrant county. E. R. Bogan had actual knowledge in December, 1920, that his father had mortgaged the animals. He knew that his father got the money from the bank, and he drew checks against the money deposited by his father in the bank. He did not protest against the mortgage given by his father, but acquiesced in it by bringing back one of the horses which he had traded off when reminded that his father had mortgaged it.

Appellee slept on his rights for three years, and he cannot now come in and claim rights over one who has incurred liabilities by reason of such negligence. Appellee, as soon as he learned of the removal of the animals from Johnson county, should have availed himself of his statutory right to take possession of them. Rev. Stats. art. 5660. Appellee for three years made no effort to take possession of the property. He had by his negligence lost his right to obtain any equity.'

The judgment is affirmed as between E. R. Bogan and appellee, wherein the latter recovers a certain amount against Bogan, but in other respects it is reversed, and judgment here rendered that appellee take nothing as to a foreclosure of any lien on the animals, and that the Haslet State Bank recover all costs in this behalf expended.