### GRAHAM NAT. BANK v. BEAVERS.[*] (No. 11431.)

(Court of Civil Appeals of Texas. Fort Worth. March 6, 1926. Rehearing Granted May 15, 1916. Rehearing Denied June 12, 1926.)

On Motion for Rehearing.

1. Evidence ⟐460(4)—Parol evidence held admissible to identify leases or casings described in mortgage merely as located on named leases where evidence showed several leases with same name.

Parol evidence held inadmissible in foreclosure suit to identify leases or casings described in chattel mortgage as located on named leases, without stating casings or leases belonged to mortgagor, where there were other leases known by same name in same tract and owned by others.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted October 20, 1926.

(286 S.W.)

On Second Motion for Rehearing.

**2. Chattel mortgages ⬤⟿47—Mortgage description of casings by length and sizes, and as being located on named lease, held insufficient notice to subsequent purchaser, in view of existence of other leases with same name.**

Description in mortgage of casings by length and sizes, and as being located on named leases, without stating by whom it was owned or possessed, or by whom leases were owned or possessed, *held* insufficient, to give notice to subsequent purchaser, where there were leases in same tract in addition to those owned by mortgagor and known by same names.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Chattel mortgage foreclosure suit by the Graham National Bank against C. E. Beavers and others. Judgment for plaintiff for relief sought except as against named defendant, and, from this portion of decree, plaintiff appeals. Affirmed on rehearing.

Marshall & King, of Graham, for appellant.

M. D. Brown, of Corpus Christi, and Luther Hoffman, of Wichita Falls, for appellee.

DUNKLIN, J. The Graham National Bank recovered a judgment against W. F. Caldwell, the Calmo Oil Company, a corporation, and I. K. Parker, the receiver of the corporation, for several thousand dollars, with a foreclosure of chattel mortgage liens upon certain oil well casing described in the judgment. From that portion of the judgment no appeal was taken. C. E. Beavers, who purchased a part of the casing covered by one of the mortgages, after the same had been duly recorded, was also made a defendant to the suit, and a foreclosure was asked as against him, but that relief was denied, and from that decree the plaintiff has prosecuted this appeal.

One of the chattel mortgages in controversy was executed by the Calmo Oil Company and the other by W. F. Caldwell, both being in favor of the plaintiff bank.

The two chattel mortgages which were foreclosed as against defendants the Calmo Oil Company and W. F. Caldwell covered oil well casings belonging to the respective mortgagors described as being so many feet and in some instances as being of certain sizes, and as being located on certain leases, such as the Moran, Hughes, and McLaren leases, situated in the county where the mortgages were recorded. And the proof showed that those leases and the casing described were owned by, and were in possession of, the respective mortgagors, and that some of that casing was purchased by defendant Beavers and was by him removed from the lease or leases after the chattel mortgages had been recorded. Two witnesses testified for plaintiff that those leases were well known in the county, although they further testified that other leases in the same surveys, owned by other persons, were known by the same names, such as the "Moran lease," but that they were distinguishable in fact and sometimes in name by the names of the respective owners whose names were occasionally added to such designations. And no testimony was offered to contradict that evidence.

The foreclosure decree by the court covered only portions of the casing described in the mortgages, and the recitals in the judgment imply that the portions for which a foreclosure was not granted were those that had been purchased by Beavers, as aginst whom the court found plaintiff was not entitled to a foreclosure. But the casing so purchased by Beavers was not described or designated in the judgment.

The judgment shows findings that both chattel mortgages were valid and subsisting liens, and that plaintiff was entitled to foreclosures of the same as against defendants the Calmo Oil Company and W. F. Caldwell; but the reason why the court refused a foreclosure on the casing that had been purchased by the defendant Beavers is stated as follows:

"The court further finds that the chattel mortgage hereinabove mentioned is insufficient in law, in that the description is insufficient to give notice to the defendant C. E. Beavers, and further finds that said mortgage did not constitute constructive notice to the defendant C. E. Beavers, and that said defendant had no actual notice of the liens claimed or held by the plaintiff, and that, as to said defendant, the plaintiff should take nothing."

The uncontroverted evidence recited above constituted conclusive proof that, from inquiries which the mortgages themselves suggested, any stranger to the mortgages would have been able to identify the property covered by those instruments. Such proof, in connection with what appeared on the face of those instruments, was therefore sufficient to charge Beavers with constructive notice of the mortgages; and the conclusion of the trial court to the contrary was reversible error. Crow v. Red River County Bank, 52 Tex. 362; Tips v. Gay (Tex. Civ. App.) 146 S. W. 306; Farmers' & Merchants' Nat. Bank v. Howell (Tex. Civ. App.) 268 S. W. 776; Ferrell-Michael Abstract Co. v. McCormac (Tex. Civ. App.) 184 S. W. 1081; 1 Jones on Chattel Mortgages, §§ 53, 54, and 54a, cited and quoted with approval in the decision last noted.

For the error pointed out, the judgment is reversed, and the cause is remanded as between appellant and appellee, but the judgment in favor of plaintiff against the other defendants in the court below is left undisturbed.

### On Motion for Rehearing.

Upon a more mature consideration of this case; we are convinced that upon original hearing we erred in holding that the description of the property, contained in the mortgages in favor of the Graham National Bank, was sufficient to give constructive notice to the appellee Beavers of the liens claimed by the bank.

Those mortgages are not set out in full in the statement of facts, but we assume that the following descriptions contained in an abstract statement of them, agreed to by the parties, as shown in the statement of facts, is correct, to wit: First Mortgage, "2,635 feet of 6⅝-inch casing located on the Moran lease." Second Mortgage, "2,700 feet on Crowley lease, Stephens county; 2,600 feet 8-inch casing on Owens lease; 2,100 feet, Hughes lease; 4,200 feet on Owens lease; 1,003 feet on Moran lease."

The Continental Supply Co. v. Missouri, K. & T. Ry. Co. (Tex. Com. App.) 268 S. W. 444, in an opinion by the Commission of Appeals, a deed executed by the United States marshal, describing the property conveyed as "120 acres out of the W. A. Rhoades survey, abstract No. 858, and survey No. 84, situated in Eastland county, Tex.," was held to be void for lack of sufficient description, and it was further held that parol testimony was inadmissible to identify the property conveyed. The court had the following to say in that case:

"Where the land is a part of the larger tract, the deed conveying the included tract or the judgment, the levy, or the probate proceedings offered in evidence, and to which the court may legally look, must contain a general description of the land embraced in the larger tract, in addition to the description of the inclosing tract —a starting point, a datum, referring to the included tract from which it may be traced by extrinsic facts to its location and be found. The general description may be only the name of the owner, a designated person's interest in the larger tract, or some such fact. But there must be a nucleus of description of the inclosed tract, around which extrinsic facts may be gathered from oral evidence such as locate the land. There must be something in the description to which oral evidence may be tied. Without such datum to begin with, proof of extrinsic facts is inadmissible. In the absence of such general though inaccurate description of the inclosed tract, to permit oral proof of location would be to pass the title to land by parol in violation of the statute. There is no sort of description, designation, or reference to the 120 acres claimed under the deed in this case, except that it is 'out of' the larger tract. The return on the execution does not purport to show that the marshal seized or levied on 120 acres owned by the Houston & Texas Central Railway Company in the Rhoades survey, or any interest of the railway company at all in the road survey. The deed does not say that the land or any interest in it is owned by the railway company. There is nothing in the description of the 120 acres on which to base proof of extrinsic facts in an effort to locate the land.

"This distinction is recognized in all the cases, including the case of McCardell v. Lea, 111 Tex. 380, 235 S. W. 518. In that case, Judge Greenwood said:

"'These proceedings disclose, not an order for the sale of an undefined portion of a larger tract of land, but an order for the sale of the land not previously disposed of and still belonging to the estate of James Davis in the J. D. Martinez league 6 and 9, in Liberty county, west of the Trinity river, estimated at 2,739 acres.'"

Another opinion to the same effect was written on a motion for rehearing, as shown in Continental Supply Co. v. Missouri, K. & T. Ry. Co. (Tex. Com. App.) 269 S. W. 1040. See, also, Norris v. Hunt, 51 Tex. 609; Pfeiffer v. Lindsay, 66 Tex. 123, 1 S. W. 264; Tram Lumber Co. v. Hancock, 70 Tex. 312, 7 S. W. 724.

[1] As noted in our opinion on original hearing, testimony was introduced to the effect that there were other leases in the same tracts owned by other persons, and known as the "Moran" and "Hughes" leases. Under such circumstances, the description of the land upon which the leases were given, designated as they were in the chattel mortgages, became important for the purpose of identifying the casing, and no sufficient description was given of those leases in the mortgages of the land covered by the leases. Furthermore, neither the leases nor the casing intended to be covered by the mortgages were described as belonging to the mortgagors. Hence, under the decisions noted above, there was no basis for the introduction of parol testimony to identify either the leases or the casing as the leases and casing owned by the mortgagors.

Under such circumstances, we conclude that the recording of the chattel mortgages was not constructive notice to the appellee Beavers, as found by the trial court, and, since the trial court further found that Beavers had no actual notice of those mortgages, appellee's motion for rehearing is hereby granted, and the judgment of the trial court is affirmed.

### On Second Motion for Rehearing.

In opinion on motion for rehearing, we inadvertently and erroneously described the casing covered by the second chattel mortgage in controversy, and we now here withdraw the description of the property contained in the second mortgage, as shown in that opinion. The correct description of the property contained in the second mortgage is as follows:

"Being 5,300 feet of 8-inch casing, 1,311 feet of 10-inch casing, located on the Moran-Hughes and McLaren leases, casing on racks."

[2] The evidence shows that there were other leases in the same oil field, known as the Moran-Hughes and McLaren leases, and,

for the reasons stated and upon authorities cited in the opinion on rehearing, we conclude that the description of the casing on the second mortgage, as well as that contained in the first mortgage, was insufficient to so identify the casing as to make the recording of the mortgages in the chattel mortgage records constructive notice to the appellee Beavers. It will be noted that the mortgages do not describe the casing as being that owned by the mortgagor, nor as being in his possession, nor was the casing identified by any marks or brands; the sizes being the only description given. Since the principal means of identification of the leases, as given in the mortgages, was the location upon the leases named, we conclude that the rule applicable in describing real estate in a deed of conveyance, as announced in Continental Supply Co. v. M., K. & T. Ry. Co. (Tex. Com. App.) 268 S. W. 444, logically should control. And it is to be noted that the mortgages do not recite that the leases were owned by or were in possession of the mortgagor, and uncontroverted testimony was introduced showing that several other leases in the same vicinity, known as the Moran, Hughes, and McLaren leases, were owned by other persons than the mortgagor.

In addition to the authorities cited already, we will add the following decisions, in which it was held that chattel mortgages on personal property were invalid, in that neither the situs, possession, nor ownership of the property was given. Haslet State Bank v. Carper (Tex. Civ. App.) 273 S. W. 289; Maloney v. Greenwood (Tex. Civ. App.) 186 S. W. 228; Solinsky v. O'Conner (Tex. Civ. App.) 54 S. W. 935; and to the same effect is 11 Corpus Juris, p. 565.

Accordingly, appellant's motion for rehearing is overruled.